Filed 5/31/19

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E070847 |
| v. | (Super.Ct.No. FSB027896) |
| KAMAL ABDUL FRYHAAT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Gregory S. Tavill, Judge. Reversed and remanded with directions.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Adrian R. Contreras and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Defendant and appellant Kamal Abdul Fryhaat is a citizen of Jordan who had been living in the United States for over 30 years. In 2001, he pleaded guilty to various drug-related offenses and admitted to having suffered a prior prison term (Pen. Code, § 667.5, subd. (b)). In exchange, defendant was released on his own recognizance on various terms and conditions. Defendant subsequently violated his release terms and was sentenced to six years eight months in state prison.

Approximately 17 years later, in 2018, as he was facing deportation proceedings, defendant filed a motion to vacate his guilty plea pursuant to Penal Code[1] section 1473.7, arguing his conviction was legally invalid and not knowingly and intelligently made because neither his trial counsel nor the court advised him about the immigration consequences of his guilty plea. The trial court summarily denied defendant's motion, and defendant appealed.

On appeal, defendant argues the trial court erred in denying his motion to vacate his conviction because the court summarily denied his motion without a hearing, without his presence, and without appointed counsel in violation of section 1473.7. He therefore requests the matter be remanded for a hearing consistent with the provisions of section 1473.7. The People respond defendant is partially correct and that the matter must be remanded. Specifically, the People assert defendant is entitled to a hearing, but

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

as recent amendments to section 1473.7 make clear, defendant does not have a right to appointed counsel and his presence can adequately be protected by use of telephonic or videoconference services. We reverse the order denying defendant's motion to vacate his conviction and remand the matter with instructions to the trial court to conduct a hearing pursuant to section 1473.7, evaluate defendant's request for appointed counsel, and to consider the motion on its merits.

## II

## FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2001, defendant pled guilty to manufacturing methamphetamine (Health & Saf. Code, § 11379.6, subd. (a); count 1); possession of a controlled substance (Health & Saf. Code, § 11378; count 2); and operating a place for the purpose of selling, giving away, or using a controlled substance (Health & Saf. Code, § 11366; count 3). He also admitted that he had suffered a prior prison term conviction (Pen. Code, § 667.5, subd. (b)). In exchange, defendant was released on his own recognizance on various terms and conditions. Defendant subsequently violated his release terms and was sentenced to six years eight months in state prison.

According to defendant's declaration, after defendant was released from prison, the federal government arrested defendant and placed him in removal proceedings in federal immigration court. Defendant was released from immigration custody in 2009. In 2012, the federal government filed a motion to reopen defendant's removal

proceedings. Defendant was arrested in 2016 by the federal government, and is currently in federal immigration custody awaiting removal proceedings.

About 17 years after defendant pled guilty, on April 15, 2018, defendant in propria persona filed a motion to vacate his conviction, asserting, in part, that his guilty plea was not knowingly and intelligently made, and that both his attorney and the trial court failed to properly advise him of the immigration consequences of his plea. Defendant also alleged that his attorney was ineffective for failing to recommend consultation with an immigration expert, failing to inform him prior to his plea that his resulting sentence would amount to a reportable offense under immigration laws, failing to research, identify, and pursue an alternative disposition which would have avoided the immigration consequences, and failing to present the pending immigration status as a mitigating fact to the court at sentencing.

On April 30, 2018, the trial court appointed the public defender who had previously represented defendant at the time of the plea.

On May 21, 2018, the court continued the matter to allow the People to respond to defendant's motion to vacate, and to provide the public defender or his investigator an opportunity to contact defendant.

On June 11, 2018, the trial court held a hearing on defendant's motion. At that time, the public defender informed the court that he had not had any communications with defendant and that his office had declared a conflict. The court then denied defendant's motion to vacate, finding as follows: "The Court has reviewed the

4

paperwork submitted. There is no declaration, there is no evidence. Court will take judicial notice of the plea agreement in the file. Plea agreement says he was given the advisal. There's nothing to the contrary. Defendant was notified of today's date. At least, I asked the clerk to do that." After conferring with the clerk, the court stated, "He was notified. He's not present. I have no evidence. The allegations in the unverified portion of the brief are contrary to the record. [¶] The motion is denied."

On June 18, 2018, defendant submitted a letter to the court claiming he had not been notified of the hearing on his motion and requested the clerk of the court to provide him with a status on his case.

On June 28, 2018, defendant in propria persona filed a timely notice of appeal from the denial of his motion to vacate.

On July 15, 2018, defendant in propria persona filed a motion for reconsideration of the denial of his motion to vacate with a supporting declaration and exhibits. Defendant maintained that he was "detained by Immigration and Customs Enforcement (ICE)" in Adelanto and that the public defender never contacted him to obtain a declaration or arrange to have him participate at the hearing via telephone or videoconference "provided freely at the Federal Detention Facility."

On July 20, 2018, the trial court summarily denied the motion for reconsideration, finding that defendant's "New Declaration is inconsistent with the Declaration by Defendant dated 7/06/01."

5

III

DISCUSSION

Defendant argues the trial court erred in summarily denying his motion to vacate his conviction without a hearing, without his presence and without appointed counsel in violation of section 1473.7. The People agree that defendant is entitled to a hearing and that the matter must be remanded to the trial court. However, the People believe that, pursuant to the recent amendments to section 1473.7, defendant does not have a right to appointed counsel and that his presence can adequately be protected by the use of telephonic or videoconference services.

A.     *Standard of Review*

We apply de novo review "for a mixed question of fact and law that implicates a defendant's constitutional right. [Citation.] A defendant's claim that he or she was deprived of the constitutional right to effective assistance of counsel 'presents a mixed question of fact and law,' and we accordingly review such question independently. [Citations.] We accord deference to the trial court's factual determinations if supported by substantial evidence in the record, but exercise our independent judgment in deciding whether the facts demonstrate trial counsel's deficient performance and resulting prejudice to the defendant. [Citations.]" (*People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 76; accord, *People v. Tapia* (2018) 26 Cal.App.5th 942, 950; *People v. Olvera* (2018) 24 Cal.App.5th 1112, 1116-1117.)

The construction and interpretation of a statute is a question of law that we consider de novo on appeal. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.) "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question '"in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' [Citations.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142.)

B.      *Section 1473.7—Right to a Hearing and Right to be Present*

At the time defendant filed his motion, section 1473.7, subdivision (a), provided: "A person no longer imprisoned or restrained may prosecute a motion to vacate a conviction or sentence for either of the following reasons: [¶] (1) The conviction or sentence is legally invalid due to a prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. [¶] (2) Newly

7

discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." (Former § 1473.7, subd. (a).)

Accordingly, section 1473.7 allows noncitizens previously convicted of crimes to which they pleaded guilty, and are no longer imprisoned or restrained, to bring a motion to vacate a conviction when that conviction is "'legally invalid due to a prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty.'" (*People v. Morales* (2018) 25 Cal.App.5th 502, 509.)

As explained in the report of the Senate Committee on Public Safety when considering the bill that became former section 1473.7 (Sen. Com. on Pub. Safety, Rep. on Assem. Bill No. 813 (2015-2016 Reg. Sess.) June 22, 2015 (Pub. Safety, Rep. on Assem. Bill No. 813)), the purpose of the legislation was to "fill a gap in California criminal procedure" (Pub. Safety, Rep. on Assem. Bill No. 813, at p. 5) by providing a means to challenge a conviction by a person facing possible deportation who is no longer in criminal custody and thus for whom a petition for a writ of habeas corpus is not available: "California lags far behind the rest of the country in its failure to provide its residents with a means of challenging unlawful convictions after their criminal sentences have been served. . . . [¶] This omission has a particularly devastating impact on California's immigrant community. . . . Many immigrants suffer convictions without having any idea that their criminal record will, at some point in the future, result in mandatory immigration imprisonment and deportation, permanently separating families.

8

[¶] . . . Challenging the unlawful criminal conviction is often the only remedy available to allow immigrants an opportunity to remain with their families in the United States. Yet, in California, affected individuals have no way of challenging their unjust convictions once probation ends, because they no longer satisfy habeas corpus' strict custody requirements." (Pub. Safety, Rep. on Assem. Bill No. 813 at pp. 4-5.) The Senate report continued, "This bill creates a new mechanism for post-conviction relief for a person who is no longer in actual or constructive custody. Specifically, it allows a person to move to vacate a conviction due to error affecting his or her ability to meaningfully understand, defend against, or knowingly accept the actual or potential immigration consequences of the conviction." (Pub. Safety, Rep. on Assem. Bill No. 813 at p. 6.)

In addition, at the time defendant filed his motion, subdivision (d) of section 1473.7 provided for the following procedures in deciding the motion: "All motions shall be entitled to a hearing. At the request of the moving party, the court may hold the hearing without the personal presence of the moving party if counsel for the moving party is present and the court finds good cause as to why the moving party cannot be present." (Former § 1473.7, subd. (d).)[2]

---

[2] As discussed, *post*, III.C., section 1473.7 has since been amended effective January 1, 2019, to clarify the section's timing and procedural requirements. (Stats. 2018, ch. 825, § 2; see Sen. Com. on Pub. Safety, Rep. on Assem. Bill No. 2867 (2017-2018 Reg. Sess.) June 4, 2018, p. 1 (Pub. Safety Com. Rep. on Assem. Bill No. 2867).)

In this case, it is undisputed that the plain language of section 1473.7, subdivision (d), establishes that a moving party is entitled to a hearing. As such, defendant here was entitled to a hearing.

The plain language of subdivision (d) of section 1473.7 also entitled defendant to be personally present at the hearing. However, the court may hold the hearing without a defendant's presence if the defendant's counsel is present and the court finds good cause as to why the defendant cannot be present. (§ 1473.7, subd. (d).) Here, defendant was not present for the June 11, 2018 hearing on defendant's motion to vacate his conviction. Furthermore, although the court had appointed the public defender who had previously represented defendant, at the hearing, defendant's public defender had declared a conflict, and did so without any communication with defendant. After conferring with the clerk that defendant had been notified of the hearing, the court denied defendant's motion to vacate based on a lack of admissible evidence or defendant's presence. This procedure by the trial court did not constitute a hearing contemplated by section 1473.7, as defendant did not have an opportunity to be heard and his counsel had not adequately represented defendant in his absence.

In moving to have the court reconsider its ruling, defendant stated that his public defender had failed to notify him of the status of the hearing or contact him to arrange to have him participate at the hearing. Further, on June 18, 2018, seven days after the court denied defendant's motion on June 11, 2018, defendant sent a letter to the court to inquire about a hearing and to obtain a status on his case. Moreover, while the court made a

10

finding that the clerk had notified defendant of the hearing, there is no evidence to suggest defendant was aware his appointed counsel would declare a conflict. Therefore, even if we assume, for the sake of argument, defendant was aware of the hearing on his motion, defendant's appointed counsel did not represent defendant's interests at the hearing. Defendant's appointed counsel stated that he had not communicated with defendant. As such, it is reasonable to infer that counsel also did not communicate to defendant that the public defender's office had declared a conflict.

Because neither defendant nor an attorney on his behalf was present, the trial court did not satisfy the requirements of section 1473.7, subdivision (d), by holding a hearing at which the moving party was present or his presence was waived for good cause. The matter must therefore be remanded to the trial court for a hearing consistent with the provisions of section 1473.7.

C.      *Section 1473.7—Right to Counsel*

Defendant also contends that on remand, he has a right to the assistance of appointed counsel if defendant waives his personal presence at the hearing and the superior court finds good cause for his absence. The People assert that on remand, defendant does not have the right to appointed counsel and his right to personal presence may be satisfied by use of either a telephone or videoconference service.

As previously noted, former section 1473.7, subdivision (d), provides, "All motions shall be entitled to a hearing. At the request of the moving party, the court may hold the hearing without the personal presence of the moving party if counsel for the

11

moving party is present and the court finds good cause as to why the moving party cannot be present." (Former § 1473.7, subd. (d).)

Although the provisions in former section 1473.7, subdivision (d), do not expressly provide for a right to counsel, if the moving party is indigent and cannot attend the hearing because he or she is in federal custody awaiting deportation, we find the trial court should appoint counsel. To construe the statute otherwise would create an impossible situation: The court, obligated to hold a hearing on the motion to vacate, could not do so consistently with former subdivision (d)'s requirement that the moving party be personally present or, if not, represented by counsel. (See *John v. Superior Court* (2016) 63 Cal.4th 91, 96 ["[w]e . . . harmonize statutory provisions to avoid absurd results"]; *Gattuso v. Harte-Hanks Shoppers*, *Inc.* (2007) 42 Cal.4th 554, 567 [in construing an ambiguous statutory provision "'"'[w]e must . . . give the provision a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers . . . which upon application will result in wise policy rather than mischief or absurdity'"'"].) In fact, the trial court here believed that it had to appoint counsel after defendant filed his section 1473.7 motion to vacate, and appropriately did so. In this case, once the public defender declared a conflict, the trial court should have appointed a conflict panel attorney to represent defendant in his absence.

Section 1473.7 was amended effective January 1, 2019. Amended section 1473.7, subdivision (d), now provides, "All motions shall be entitled to a hearing. Upon the

12

request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present. If the prosecution has no objection to the motion, the court may grant the motion to vacate the conviction or sentence without a hearing."

In enacting the measure, the Legislature declared among other things that its intent was "to provide clarification to the courts regarding Section 1473.7 . . . to ensure uniformity throughout the state and efficiency in the statute's implementation." (Stats. 2018, ch. 825, § 1, subd. (b).) To do so, the Legislature's declarations included the following: "(c) This measure shall be interpreted in the interests of justice and consistent with the findings and declarations made in Section 1016.2 of the Penal Code"; and, "(d) The State of California has an interest in ensuring that a person prosecuted in state court does not suffer penalties or adverse consequences as a result of a legally invalid conviction." (Stats. 2018, ch. 825, § 1, subds. (c) & (d).)

Relying on legislative history, the People contend the Legislature, by amending section 1473.7, subdivision (d), to remove the language authorizing the court to hold a hearing without the presence of the moving party if counsel for the moving party is present, intended to clarify the statute and eliminate any implication it provides a right to appointed counsel.

Although former section 1473.7, subdivision (d), did not expressly provide for a right to counsel, the most reasonable interpretation of its language contemplated that counsel would be appointed for indigent parties who were unable to attend the hearing

13

because they were in federal detention awaiting deportation.  Under these circumstances,

if the Legislature had intended to clarify the former enactment by eliminating the right to

appointed counsel, surely some comment on that point would appear in the legislative

history.  The Legislature did not do so.  Moreover, the People's argument ignores the

Legislative Counsel's Digest summarizing the final version of Assembly Bill No. 2867,

which plainly anticipated continuation of the right to counsel implicit in the original

version of section 1473.7:  "Existing law authorizes the court, at the request of the

moving party, to hold the hearing without the personal presence of the moving party if

counsel for the moving party is present and the court finds good cause as to why the

moving party cannot be present.  [¶] . . . The bill would authorize the court, upon the

request of the moving party, to hold the hearing without the personal presence of the

moving party and without the moving party's counsel present provided that it finds good

cause as to why the moving party cannot be present."  (Stats. 2018, ch. 825.)[3]

We reject the People's contention for another, fundamentally important reason.

"[C]ourts should, if reasonably possible, construe a statute 'in a manner that avoids *any*

doubt about its [constitutional] validity.'"  (*Kleffman v. Vonage Holdings Corp.* (2010)

49 Cal.4th 334, 346.)  "'If a statute is susceptible of two constructions, one of which

---

[3]  The Legislative Counsel's summaries, which "'are prepared to assist the Legislature in its consideration of pending legislation,'" while "not binding," are nevertheless "entitled to great weight"; "'[i]t is reasonable to presume that the Legislature amended those sections with the intent and meaning expressed in the Legislative Counsel's digest.'"  (*Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1169-1170.)

renders it constitutional and the other unconstitutional (or raises serious and doubtful constitutional questions), the court will adopt the construction which will render it free from doubt as to its constitutionality, even if the other construction is equally reasonable.'" (*Field v. Bowen* (2011) 199 Cal.App.4th 346, 355; see *Association for Retarded Citizens v. Department of Developmental Services* (1985) 38 Cal.3d 384, 394.)

We agree with the People that neither the federal nor the state Constitution mandates an unconditional right to counsel to pursue a collateral attack on a judgment of conviction. (See, e.g., *Pennsylvania v. Finley* (1987) 481 U.S. 551, 556-557 [no federal constitutional or due process right to appointed counsel in state postconviction proceedings]; *People v. Shipman* (1965) 62 Cal.2d 226, 231-232; cf. *In re Barnett* (2003) 31 Cal.4th 466, 474-475 [no federal or state "constitutional right to counsel for seeking collateral relief from a judgment of conviction via state habeas corpus proceedings"].) Nevertheless, "if a postconviction petition by an incarcerated defendant 'attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns.'" (*People v. Rouse* (2016) 245 Cal.App.4th 292, 300, quoting *In re Clark* (1993) 5 Cal.4th 750, 780.)

As explained by the Supreme Court in *People v. Shipman*, *supra*, 62 Cal.2d at page 231, "whenever a state affords a direct or collateral remedy to attack a criminal conviction, it cannot invidiously discriminate between rich and poor." Compliance with the principle that invidious discrimination should be rooted out as unconstitutional, which does not require "absolute equality to the indigent" (*id*. at p. 232), may be effected by

15

requiring the appointment of counsel for an indigent petitioner who, in challenging a judgment of conviction, has set forth "adequate factual allegations stating a prima facie case" (*ibid*.); otherwise, "there would be no alternative but to require the state to appoint counsel for every prisoner who asserts that there may be some possible ground for challenging his conviction." (*Ibid*.) We thus construe amended section 1473.7 to provide the right to appointed counsel where an indigent moving party has set forth factual allegations stating a prima facie case for entitlement to relief under the statute; to interpret the statute otherwise would be to raise serious and doubtful questions as to its constitutionality.

Our construction of amended section 1473.7 to provide this conditional right to appointed counsel is fully supported by the Legislature's purpose in enacting this statute. As explained, section 1473.7 was designed to remedy the failure of then-existing California law to provide a means for a person no longer in criminal custody to challenge a conviction due to error affecting his or her ability to meaningfully understand the actual or potential immigration consequences of the conviction. Specifically, a person in the custody of federal immigration authorities could not bring such a challenge by filing a petition for a writ of habeas corpus because he or she was "no longer in 'custody' for purposes of the writ." (Sen. Com. on Pub. Safety, Rep. on Assem. Bill No. 813, *supra*, at p. 6.) Similarly, although there is no custody requirement to bring a motion under section 1016.5 to withdraw a guilty plea for failure to be admonished of the possible immigration consequence of the plea, a section 1016.5 motion "is only available where

16

the *court* fails to give the general admonishment or the record is silent on the matter." (Sen. Com. on Pub. Safety, Rep. on Assem. Bill No. 813, at p. 6.)  Finally, a person seeking to challenge a conviction based on the "unawareness of the immigration consequences" of his or her plea could not petition for "a writ of error coram nobis" because the challenge "amounted to a claim of ineffective assistance of counsel, which is not reviewable by way of writ of coram nobis."  (Sen. Com. on Pub. Safety, Rep. on Assem. Bill No. 813, at p. 5.)

The rules governing a petition for writ of habeas corpus require a court to issue an order to show cause if the petitioner has made a prima facie showing of entitlement to relief, based on the petitioner's factual allegations taken as true, and, upon issuing the order, to appoint counsel for the petitioner who desires, but cannot afford, counsel.  (Cal. Rules of Court, rule 4.551(c).)  The same requirement to appoint counsel for an indigent petitioner who has made adequate factual allegations stating a prima facie case applies to a petition for writ of *coram nobis*.  (*People v. Shipman*, *supra*, 62 Cal.2d at p. 232.)  As for a motion to vacate based on the absence of immigration advisements by the court pursuant to section 1016.5, although the statute does not "specify the rules that apply to such a motion," the rules for writs of *coram nobis* have been held to apply to a section 1016.5 motion to vacate.  (*People v. Totari* (2003) 111 Cal.App.4th 1202, 1206-1207 [although section 1016.5 does not expressly place burden on a defendant to prove reasonable diligence in seeking to withdraw a plea, Court of Appeal held the rules for writs of *coram nobis*, including the burden to prove reasonable diligence, also apply to a

section 1016.5 motion to vacate "because a 'motion to vacate' has long been equated in California with a petition for a writ of *coram nobis*"].)  We are not aware of any reason the rules for writs of *coram nobis* applicable to a section 1016.5 motion would not include the constitutionally grounded rules for appointing counsel for an indigent moving party.

The People assert that "the trial court determined that [defendant] did not state a prima facie case for relief, among other reasons, because he did not include any declaration in support of his unverified petition, and the allegations he raised were contrary to the record."  We disagree.  The trial court here did not determine defendant had not stated a prima facie case.  Rather, the court denied the motion to vacate because defendant was not present, he had not attached a declaration to his motion, and the plea agreement form stated he was "given the advisal."  Although the plea agreement attached to defendant's motion indicates defendant initialed the box next to the statement "I understand that if I am not a citizen of the United States, deportation, exclusion from admission to the United States, or denial of naturalization will result from a conviction of the offense(s) to which I plead guilty/nolo contendere (no contest),"[4] we cannot assume defendant was in fact advised of the immigration consequences by his appointed counsel without an adequate record.  Moreover, at the June 11, 2018 hearing, after the court noted defendant had been given advisals according to the plea agreement form, defendant's prior public defender, who was present at the hearing and who had declared a conflict,

---

[4] The word "will" is handwritten above the crossed out word "may."

18

never indicated that he had advised defendant he would be deported as a result of his guilty plea. Under the circumstances here, the trial court's combined errors in failing to consider whether to appoint a conflict panel attorney once the public defender's office had declared a conflict and denying the motion without a hearing and without defendant's presence, which have produced a meager record, we reject the People's claim that defendant did not state a prima facie case for relief.

In light of the fact writs of habeas corpus and writs of *coram nobis*, and likely section 1016.5 motions to vacate, require court-appointed counsel for an indigent petitioner or moving party who has established a prima facie case for entitlement to relief, and given a section 1473.7 motion was intended to fill the gap left by the foregoing procedural avenues for relief,[5] interpreting section 1473.7 to also provide for court-

---

[5] The report of the Senate Committee on Public Safety, when considering the bill that became amended section 1473.7, also refers to a motion to vacate under section 1473.6 when stating, "Existing law authorizes a person no longer unlawfully imprisoned or restrained to prosecute a motion to vacate the judgment based on newly discovered evidence, as specified, if the motion is brought within one year of the discovery." (Sen. Com. on Pub. Safety, Rep. on Assem. Bill No. 2867, *supra*, at p. 2.) Former and amended section 1473.7, at subdivision (a)(2), provide the moving party may challenge his or her conviction not just on the ground of prejudicial error impairing the moving party's ability to meaningfully understand the adverse immigration consequences of his or plea but also on the ground of newly discovered evidence of innocence. However, unlike section 1473.6, which requires the newly discovered evidence come within one of three specified categories, former and amended section 1473.7 does not require the newly discovered evidence of innocence fall within any specific category. (Compare § 1473.6, subd. (a), with § 1473.7, subd. (a)(2).) Thus, a section 1473.7 motion also fills the gap left by a section 1473.6 motion to vacate. Significantly, the procedure applicable to a motion to vacate under section 1473.6 is the same as for a petition for writ of habeas corpus, which requires appointment of counsel for an indigent petitioner who has established a prima facie case for entitlement to relief. (§ 1473.6, subd. (c); Cal. Rules of Court, rule 4.551(c).)

appointed counsel where an indigent moving party has adequately set forth factual allegations stating a prima facie case for entitlement to relief would best effectuate the legislative intent in enacting section 1473.7.

Moreover, both former and current versions of section 1473.7, subdivision (d), provide, "All motions shall be entitled to a hearing." Construing the amended statute to require appointment of counsel for an indigent moving party who has established a prima facie case for relief and who is in federal immigration custody would avoid the untenable result of having such a party, who cannot be personally present at a hearing, be effectively deprived of an opportunity to present his or her case and respond to any arguments made in opposition at the hearing on the motion.

Here, defendant had been represented by his former public defender before that office declared a conflict. It is undisputed that defendant is indigent and in federal custody. Thus, as the People point out, good cause existed to excuse defendant's absence. Therefore, section 1473.7 requires defendant's interests be represented by appointed counsel. As defendant acknowledges, section 1473.7 does not require a superior court to secure a defendant's presence at the hearing, but if a defendant's presence is waived or good cause exists to excuse a defendant's presence, such as when a defendant is confined in federal immigration custody, then counsel must be appointed.

Accordingly, we reverse the order denying defendant's motion to vacate his conviction and remand for the superior court to consider whether defendant has set forth adequate factual allegations stating a prima facie case for entitlement to relief under

20

section 1473.7, to appoint counsel if appropriate, and to address the section 1473.7 motion on its merits. (See *People v. Braxton* (2004) 34 Cal.4th 798, 818-820 [although trial court's error in refusing to hear new trial motion is not prejudicial per se, matter must be remanded for hearing on the motion if the appellate record does not allow the reviewing court to determine as a matter of law that the motion lacked merit or to decide the trial court would have properly exercised its discretion to deny the motion]; see also *People v. Anzalone* (2013) 56 Cal.4th 545, 553 ["""under the California constitutional harmless-error provision some errors . . . are not susceptible to the 'ordinary' or 'generally applicable' harmless-error analysis—i.e., the [*People v.*] *Watson* [(1956) 46 Cal.2d 818] 'reasonably probable' standard—and may require reversal of the judgment notwithstanding the strength of the evidence contained in the record in a particular case"""].)

IV

DISPOSITION

The order denying defendant's section 1473.7 motion to vacate his conviction is reversed, and the matter remanded with directions to evaluate defendant's request for appointment of counsel in a manner consistent with this opinion, to appoint counsel if appropriate and to consider the motion on its merits.

**CERTIFIED FOR PUBLICATION**

CODRINGTON
J.

We concur:

21

RAMIREZ
P. J.


FIELDS
J.