Filed 1/13/21  P. v. Enciso CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074103 |
| v. | (Super.Ct.No. INF067181) |
| ISAIAS ENCISO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Burke Strunsky, Judge.
Reversed with directions.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Isaias Enciso appeals from a postjudgment order denying his motion under Penal Code[1] section 1473.7 to vacate his 2009 conviction for felony embezzlement.  (§ 503.)  A trial court summarily denied the motion, finding that defendant was automatically disqualified from relief because he was still in custody.  On appeal, defendant argues the court erred by summarily denying his motion and asks that we reverse and remand with instructions that the trial court appoint counsel to represent him, hold a hearing, and consider the motion on the merits.  The People agree that a remand for a hearing on the merits is required but contend that the court must find defendant alleged a prima facie case for relief before appointing counsel.  We reverse the trial court's order and remand the matter with directions to appoint counsel and hear the motion on the merits.

## PROCEDURAL BACKGROUND

On October 14, 2009, defendant pled guilty to felony embezzlement (§ 503) pursuant to a plea agreement.  In exchange, he was placed on formal probation for three years under specified conditions.

On or about August 12, 2019, defendant filed an in propria persona motion to vacate his conviction, asserting that his attorney failed to advise him that he would be deported as a consequence of his plea and that, although the court attempted to read the immigration consequences to him, it failed to provide an interpreter, even though there

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

was an obvious language barrier. He contended that he would have never pled guilty had he known the possibility of being deported and asserted that he was currently in removal proceedings. He stated that he was detained at the United States Immigration and Customs Enforcement (ICE) facility in Adelanto, California, and attached a letter addressed to him there as proof of custody. Defendant requested the court to make its ruling on the motion in his absence since he was detained. He also stated he was unable to afford an attorney.

On September 11, 2019, the trial court held a hearing on defendant's motion. A prosecutor appeared on behalf of the People, and defendant was not present. The court stated that, according to the court clerk, it appeared defendant was detained in CDCR (California Department of Corrections and Rehabilitation) custody. The court then stated: "[The] first line of 1473.7(a) is: A person who is no longer in criminal custody may file such a motion. From the looks of it, he's still in custody, which automatically disqualifies him from such relief." It then denied the motion without prejudice, stating: "The only reason I'm denying . . . without prejudice is because the defendant is not present. Again, he hasn't made any arrangements to be present or had anybody appear, but he has filed paperwork."

## DISCUSSION

### The Court's Order Must Be Reversed

Defendant argues the trial court erred in summarily denying his motion to vacate his conviction because its finding that he was in custody was unsupported by the record. Rather, the record showed he was and is in the custody of ICE. He contends the court

3

should have appointed counsel to represent him in his absence, and it should have conducted a hearing on the merits pursuant to section 1473.7. The People concede that the record does not support the court's finding that defendant was in criminal custody and agree that the matter must be remanded to the trial court. However, the People contend he does not have an automatic right to appointed counsel. Rather, the People contend that we should remand with directions for the trial court to consider whether he has set forth adequate factual allegations to state a prima facie case for relief under section 1473.7, appoint counsel if appropriate, and address the motion on the merits. We conclude that defendant has pleaded sufficient facts for appointment of counsel and remand the matter for a hearing on the merits with appointed counsel.

Section 1473.7, subdivision (a)(1), provides that a person who is "no longer in criminal custody may file a motion to vacate a conviction or sentence" if "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. . . ." Section 1473.7, subdivision (d), states: "All motions shall be entitled to a hearing. Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present. . . ."

The People concede that defendant was not, and is not, in criminal custody. They filed a motion for judicial notice requesting this court to take judicial notice of the results of two inmate locator searches of CDCR's official Web site, which show that defendant

4

is not in that agency's custody. The People also requested this court to take judicial notice of the results of a search of the official ICE Web site, showing that defendant is in the custody of ICE at the Adelanto Detention Facility. We reserved ruling on the motion and now take judicial notice of the matters requested. (Evid. Code, § 452, subd. (h) [courts can take judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy"]; see *People v. Seumanu* (2015) 61 Cal.4th 1293, 1372-1373 [court took judicial notice of facts from Web site maintained by CDCR].) Thus, it is undisputed that defendant is in ICE custody at the Adelanto Detention Facility. Accordingly, as the parties agree, we conclude that the trial court improperly denied his motion to vacate based on its erroneous finding that he was in criminal custody.

Defendant claims that, under these circumstances, the court was required to appoint counsel to represent him in his absence, and it should have conducted a hearing on the merits pursuant to section 1473.7. He contends that we should now remand the matter with directions for the court to appoint counsel and conduct a hearing on the merits. He relies upon *People v. Fryhaat* (2019) 35 Cal.App.5th 969 (*Fryhaat*) in support of his claim. In *Fryhaat*, the defendant filed a section 1473.7 motion in propria persona, alleging that his guilty plea was not knowingly and intelligently made and that both his attorney and the trial court failed to properly advise him of the immigration consequences of his plea. The trial court appointed the public defender who had previously represented him at the time of the plea, but the defense attorney was unable to contact the defendant and declared a conflict. (*Fryhaat*, at p. 974.) The trial court summarily denied the

motion, noting that the defendant was not present at the hearing, and there was no evidence to support the motion. (*Ibid*.)

This court reversed the denial order. We noted the defendant's public defender had declared a conflict at the hearing without any communication with the defendant, that the defendant had been notified of the hearing, and the trial court denied the motion based on a lack of admissible evidence or the defendant's presence. We found that "[t]his procedure by the trial court did not constitute a hearing contemplated by section 1473.7, as defendant did not have an opportunity to be heard and his counsel had not adequately represented defendant in his absence." (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 977.)

The defendant in *Fryhaat* contended that on remand, he had a right to the assistance of appointed counsel if he waived his personal presence at the hearing and the superior court found good cause for his absence. (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 978.) However, we observed that "neither the federal nor the state Constitution mandates an unconditional right to counsel to pursue a collateral attack on a judgment of conviction." (*Id*. at p. 980.) We construed section 1473.7 "to provide the right to appointed counsel where an indigent moving party *has set forth factual allegations stating a prima facie case for entitlement to relief under the statute*." (*Fryhaat*, at p. 981, italics added.) Thus, we reversed the order denying the defendant's motion to vacate and remanded "for the superior court to consider whether defendant has set forth adequate factual allegations stating a prima facie case for entitlement to relief under section 1473.7, to appoint counsel if appropriate, and to address the section 1473.7 motion on its merits." (*Id*. at p. 984.) In other words, we set forth the requirement that, in order to

6

trigger the appointment of counsel, the defendant had to make a prima facie case for relief under section 1473.7. (*Fryhaat*, at pp. 983-984.)

Defendant here has pleaded a prima facie case for entitlement for relief under the statute. In his motion, he asserted that his attorney failed to advise him that he would be deported as a consequence of his plea and that the court failed to provide an interpreter, even though there was an obvious language barrier. He further contended that he would have never pled guilty had he known the possibility of being deported, and he asserted that he was currently in removal proceedings. We conclude that these factual allegations are adequate to trigger the appointment of counsel.

## DISPOSITION

The order denying defendant's section 1473.7 motion to vacate his conviction is reversed, and the matter is remanded with directions to appoint counsel and to consider the motion on its merits.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

CODRINGTON _____
Acting P. J.

SLOUGH _____
J.

7