Filed 5/13/21  P. v. Taghilou CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B303561 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A708409) |
| v. | |
| FARAMARZ TAGHILOU, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Reversed and remanded with directions.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

# INTRODUCTION

Faramarz Taghilou moved pursuant to Penal Code[1] sections 1016.5 and 1473.7 to vacate his 1988 conviction for oral copulation of a person under the age of 14 on the basis that he was inadequately advised about the immigration consequences of his no contest plea.  Taghilou contends, and the People agree, that the superior court erred by denying Taghilou's motion without a hearing.  We too agree, and we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Taghilou emigrated from Iran to the United States in 1983. Taghilou is not a United States citizen.

A.    *Taghilou's 1988 Conviction*

In 1987 the district attorney charged Taghilou with one count of oral copulation of a person under the age of 14 (former § 288a, subd. (c), renumbered as § 287, subd. (c); count 1) and three counts of lewd acts upon a child (§ 288, subd. (a); counts 2, 3 and 4).  On August 22, 1988 Taghilou entered a no contest plea to count 1 in exchange for a "three year lid with a [section] 1203.02 [*sic*, 1203.03] diagnostic study" and the remaining counts dismissed.  The prosecutor stated that the basis for the plea agreement was "witness problems" and "problems of proof."

At the plea hearing Taghilou received several advisements regarding his constitutional rights and other consequences of the plea.  Among the advisements, the prosecutor stated:  "If you are not a citizen, a conviction of this criminal offense could result in your deportation, exclusion from the United States, or denial of naturalization."  The prosecutor asked Taghilou if he understood

---

[1]    All further statutory references are to the Penal Code.

the immigration advisement; after conferring with his counsel, Taghilou stated, "Okay. Yes." Following the advisements, Taghilou entered a no contest plea to count 1, and the court accepted the plea.

At the subsequent sentencing hearing on January 5, 1989 the trial court placed Taghilou on felony probation. In 1992, when the probationary period had expired without further offenses, the court permitted Taghilou to withdraw his no contest plea and enter a not guilty plea. The trial court dismissed the case pursuant to section 1203.4, releasing Taghilou "from all penalties and disabilities resulting from the offense of which he [had] been convicted," except as provided in the statute. In 1997 the trial court granted Taghilou a certificate of rehabilitation.

B.     *Taghilou's 2012 Motion To Vacate the 1988 Conviction*

In 2012 Taghilou filed a motion to vacate the 1988 conviction, arguing he had not been sufficiently informed that he would be required to register as a sex offender for life. In an unpublished opinion we reversed the trial court's denial of Taghilou's 2012 motion to vacate. (*People v. Taghilou* (June 25, 2014, B248510) [nonpub. opn.].) We remanded the case to the superior court for an evidentiary hearing and determination whether the parties had affirmatively agreed or implicitly understood that Taghilou's registration obligation was limited in duration. (*Ibid.*)

C.     *Taghilou's 2019 Motion To Vacate the 1988 Conviction*

In 2019 Taghilou moved pursuant to sections 1016.5 and 1473.7 to vacate his 1988 conviction, arguing he had been inadequately advised about the immigration consequences of the plea. The superior court reviewed Taghilou's motion in chambers,

3

and denied the motion on December 11, 2019 without a hearing. Taghilou was not present and was not represented by counsel. Citing the transcript of the August 22, 1988 plea hearing, the court's minute order states that Taghilou "was advised on the record of the specific immigration consequence of deportation and acknowledged the same."

Taghilou timely appealed the superior court's denial of his motion to vacate his conviction.[2]

## DISCUSSION

Taghilou contends the superior court erred in denying his motion to vacate his conviction without a hearing. The People agree, and so do we.

Whether the superior court followed proper procedures in deciding a section 1473.7 motion is question of law we review de novo. (See *People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1133; *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 975-976.)

Section 1473.7, subdivision (a)(1), provides that a person no longer in custody may file a motion to vacate a conviction or sentence because "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (§ 1473.7, subd. (a)(1).)

All motions pursuant to section 1473.7 "shall be entitled to a hearing." (§ 1473.7, subd. (d).) Upon request of the moving party,

---

[2] "An order granting or denying [a section 1473.7] motion is appealable under subdivision (b) of Section 1237 as an order after judgment affecting the substantial rights of a party." (§ 1473.7, subd. (f).)

4

"the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present. If the prosecution has no objection to the motion, the court may grant the motion to vacate the conviction or sentence without a hearing." (*Ibid.*)

The superior court denied Taghilou's motion in chambers without a hearing. Taghilou was neither present nor represented by counsel. Nothing in the record indicates Taghilou asked not to be present or the superior court found good cause to proceed without Taghilou present. As the People concede, the superior court's order denying Taghilou's motion must therefore be reversed. On remand the superior court must hold a hearing with Taghilou present, unless Taghilou requests the hearing be held without him and the superior court finds good cause to proceed in Taghilou's absence.[3]

## DISPOSITION

The order denying Taghilou's section 1473.7 motion to vacate his conviction is reversed. The case is remanded to the superior court with directions to determine whether the court should appoint counsel for Taghilou, to appoint counsel if

---

[3] Section 1473.7, subdivision (d), does not expressly provide a right to appointed counsel. Courts have held, however, that where an indigent moving party sets forth factual allegations stating a prima facie case for entitlement to relief under section 1473.7, counsel must be appointed. (See *People v. Fryhaat*, *supra*, 35 Cal.App.5th at p. 981.) The superior court should consider on remand whether Taghilou has made a sufficient factual showing to warrant appointment of counsel.

5

appropriate, and to hold a hearing on Taghilou's motion to vacate his conviction.[4]

McCORMICK, J.[*]

We concur:

PERLUSS, P. J.

SEGAL, J.

---

[4]     Taghilou argues in his opening brief that the superior court should have granted his motion to vacate on its merits.  Taghilou concedes in his reply brief that remand to the superior court for a hearing on the merits of his motion is the proper remedy.

[*]     Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.