Filed 11/5/24  P. v. Marroquin CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B332581 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA224467) |
| v. | |
| ARMANDO ANTONIO MARROQUIN, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Shelly B. Torrealba, Judge.  Reversed and remanded.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Armando Antonio Marroquin appeals from a postjudgment order denying his motion under Penal Code[1] section 1473.7 to vacate his conviction after a jury trial. The superior court denied the motion without appointing counsel and without holding a hearing on the merits, finding Marroquin was ineligible for relief because his conviction was the result of a trial, not a plea. Marroquin contends, and the People concede, that the superior court erred in failing to hold a hearing on the merits pursuant to section 1473.7, as recently amended. We agree. Thus, we reverse the superior court's order and remand for a hearing.

**RELEVANT BACKGROUND**

In August 2002, a jury found Marroquin guilty of continuous sexual abuse of a child under the age of 14 years (§ 288.5, subd. (a)), making a criminal threat (§ 422), and willful infliction of corporal injury on a spouse or cohabitant (§ 273.5). The trial court sentenced Marroquin to an aggregate term of 17 years eight months imprisonment, consisting of the upper term of 16 years for sexual abuse, eight months (one-third the middle term) for making a criminal threat, and one year for the misdemeanor count of inflicting corporal injury. We affirmed the judgment. (*People v. Marroquin* (Apr. 13, 2004, B165641) [nonpub. opn.].)

In 2019, Marroquin filed a motion to vacate his convictions under former section 1473.7, the denial of which motion we affirmed on appeal. (*People v. Marroquin* (Nov. 18, 2020, B299842) [nonpub. opn.].)

On June 21, 2023, Marroquin filed a second motion to

---

[1] Further undesignated statutory references are to the Penal Code.

vacate his convictions under section 1473.7. He supported his motion with a declaration confirming he was no longer in custody and asserting he would not have rejected the prosecution's offer and gone to trial had he been advised of the adverse immigration consequences he would face. Without appointing counsel or holding a hearing, the superior court summarily denied his motion on July 10, 2023, ruling that "[b]ecause petitioner's conviction was the result of a jury trial, he is ineligible for relief."

Marroquin timely appealed.[2]

## DISCUSSION

"Section 1473.7 permits noncitizens to vacate convictions after they are no longer in criminal custody based on a failure to understand adverse immigration consequences of their convictions." (*People v. Singh* (2022) 81 Cal.App.5th 147, 151-152 (*Singh*).) Marroquin argues, and the People concede, that the superior court erred in summarily denying Marroquin's section 1473.7 motion without holding a hearing on the merits. We agree that, based on a recent amendment to section 1473.7, Marroquin was entitled to a hearing.

We review de novo whether the superior court followed proper procedures in deciding a section 1473.7 motion. (*People v.*

---

[2] The People note Marroquin did not provide transcripts from the underlying trial proceedings, but such records need not be provided when a defendant appeals from a postjudgment order. (Cal. Rules of Court, rule 8.320(d).) Marroquin satisfied the requirement to provide a transcript of the original sentencing proceeding (Cal. Rules of Court, rule 8.320(d)(2)), and there was no reported hearing on the section 1473.7 motion; it was denied by the superior court in chambers. We granted Marroquin's motion to augment the record to include the information. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

3

*Fryhaat* (2019) 35 Cal.App.5th 969, 976 (*Fryhaat*).)  In addition, "[t]he construction and interpretation of a statute is a question of law that we consider de novo on appeal.  [Citation.]  'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.  [Citation.]  We begin by examining the statute's words, giving them a plain and commonsense meaning.  [Citation.]  We do not, however, consider the statutory language "in isolation."  [Citation.]  Rather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision." ' "  (*Id*. at pp. 975-976.)

In 2016, the Legislature enacted former section 1473.7, which authorized a defendant who is no longer in criminal custody to file a motion to vacate a conviction or sentence where "[t]he conviction or sentence is legally invalid due to a prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere."  (Former § 1473.7, subd. (a)(1), Stats. 2016, ch. 739, § 1.)  From 2016 to 2021, the statute limited the category of persons able to seek relief under section 1473.7, subdivision (a)(1), to those whose convictions were the result of a "plea of guilty or nolo contendere."  (Stats. 2020, ch. 317, § 5; Stats. 2018, ch. 825, § 2; Stats. 2016, ch. 739, § 1.)

Effective January 1, 2022, by Assembly Bill No. 1259 (2021-2022 Reg. Sess., Stats. 2021, ch. 420, § 1), the Legislature amended section 1473.7, replacing the phrase "plea of guilty or nolo contendere" with the broader phrase "conviction or sentence."  (§ 1473.7, subd. (a)(1).)  We agree with the parties, and with our Third District colleagues, that "section 1473.7 now

4

clearly permits relief to defendants who were convicted after a trial." (*Singh*, *supra*, 81 Cal.App.5th at p. 152.) As the court held in *Singh*, "[t]he language 'conviction or sentence' has no qualifiers, so the plain language indicates an intent to apply section 1473.7 to all defendants whose 'conviction or sentence' is legally invalid, regardless of the source of the conviction." (*Singh*, at p. 152.) "[T]he legislative history also confirms the Legislature's intent to modify section 1473.7 to include convictions after trial. (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1259 (2021–2022 Reg. Sess.) as amended May 24, 2021, p. 3 ['This bill expands the category of persons able to seek to vacate a conviction or sentence as legally invalid, whatever way that person was convicted or sentence[d], including a person who was found guilty after a trial.'].)" (*Singh*, at pp. 152-153; accord *People v. Carrillo* (2024) 101 Cal.App.5th 1, 5 ["Motions addressing a conviction or sentence after trial first became available on January 1, 2022, when an amendment expanded section 1473.7, subdivision (a)(1) to reach misunderstandings of the immigration consequences of 'a conviction or sentence' instead of just 'a plea of guilty or nolo contendere.' "].)

The superior court did not address the merits of Marroquin's motion, and its summary denial was based entirely on its determination that Marroquin was ineligible because his conviction derived from a trial. "After Assembly Bill 1259, this finding is no longer valid. [Marroquin] may file a motion to vacate his conviction based on prejudicial error related to the adverse immigration consequences of his conviction after trial." (*Singh*, *supra*, 81 Cal.App.5th at p. 153.)

Moreover, section 1473.7 provides that "[a]ll motions shall

be entitled to a hearing." (§ 1473.7, subd. (d); see *Fryhaat*, *supra*, 35 Cal.App.5th at p. 977 ["the plain language of section 1473.7, subdivision (d), establishes that a moving party is entitled to a hearing"].) "Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present." (§ 1473.7, subd. (d).) The superior court erred in summarily denying Marroquin's motion.

"[W]e reverse the order denying [Marroquin's] motion to vacate his conviction and remand for the superior court to consider whether [he] has set forth adequate factual allegations stating a prima facie case for entitlement to relief under section 1473.7, to appoint counsel if appropriate, and to address the section 1473.7 motion on its merits." (*Fryhaat*, *supra*, 35 Cal.App.5th at p. 984.)

## DISPOSITION

The order is reversed. We remand for the superior court to consider Marroquin's motion in accordance with this opinion.

STONE, J.

We concur:

SEGAL, Acting P. J.

FEUER, J.

6