Filed 8/25/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B337683 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA052913) |
| v. | |
| SERGIO GUTIERREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Hayden Zacky, Judge.  Reversed and remanded with directions.

Christopher Lionel Haberman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Penal Code section 1473.7[1] permits noncitizens to vacate convictions after they are no longer in criminal custody based on their failure to understand the adverse immigration consequences of their convictions.  Defendant Sergio Gutierrez, while self-represented, moved under that section to vacate his conviction providing proof of indigency and making a prima facie showing of entitlement to relief.  Although defendant requested appointed counsel, the trial court denied the request because he was not in federal immigration custody and was present at the hearing.  The Attorney General concedes the court erred.  We agree the court erred and reverse and remand with directions.

# II. PROCEDURAL BACKGROUND

A. *Convictions*

On December 21, 2005, the Los Angeles County District Attorney (District Attorney) filed an information charging defendant in count 1 with carjacking in violation of section 215, subdivision (a); in count 2 with second degree robbery in violation of section 211; and in count 3 with resisting an executive officer in violation of section 69.  As to count 1, the District Attorney alleged that defendant personally used a deadly weapon—a knife—within the meaning of section 12022, subdivision (b)(2).

On March 24, 2006, following trial, the jury found defendant guilty on count 1 and found true the personal use of a deadly weapon allegation.  But the jury acquitted defendant on

---

[1]     All further statutory references are to the Penal Code.

2

count 2.[2]  The trial court sentenced defendant to an aggregate term of 12 years, comprised of a nine-year sentence on count 1, plus a consecutive three-year term for the true finding on the section 12022, subdivision (b)(2) deadly weapon allegation.[3]

B.     *Section 1473.7 Motion*

On January 3, 2024, defendant lodged his section 1473.7 motion,[4] arguing he was not adequately advised "about the potential immigration consequences of going to trial or taking a plea deal" and that, had he known "there may have been possible defenses or alternative pleas that could have avoided [the adverse consequences of his conviction], he would have not accepted a plea or [gone] to trial blindly against immigration consequences."[5]  Defendant requested appointment of counsel

---

[2]     Prior to trial, defendant pleaded guilty to count 3.

[3]     The trial court also sentenced defendant on count 3 to a concurrent sentence of two years.

[4]     The motion bears a filed stamp, dated March 8, 2024. Defendant also moved under section 1016.5, which concerns immigration advisements in plea agreements.  But that section does not apply to defendant because he was convicted after a jury trial, not pursuant to a plea agreement.

[5]     Defendant included the following facts about his immigration status.  When he was three years old, his parents brought him from El Salvador to the United States where he lived for the next 40 years without ever returning to El Salvador. On August 24, 2016, federal immigration authorities arrested and transported him to a detention center where he was placed

3

and submitted a financial statement under oath claiming he had no income or assets.

On February 6, 2024, the trial court held an initial hearing on the motion at which defendant appeared and reminded the court of his request for appointment of counsel. The court responded that, under *People v. Fryhaat* (2019) 35 Cal.App.5th 969 (*Fryhaat*), appointment of counsel was required only if the moving party was in federal immigration custody and unable to attend the hearing. Because defendant was present at the hearing, the court concluded *Fryhaat* did not apply and denied his request without considering his proof of indigency. But the court continued the hearing to March 8, 2024, to allow defendant to review the *Fryhaat* decision and consider whether to retain private counsel.

At the continued March 8, 2024, hearing, defendant again appeared, and when the trial court inquired whether he wanted to testify on his own behalf, he replied, "I have never been pro per before, so I don't know what the difference is between having a lawyer. [¶] So you said I am representing myself, so I am seeing myself as a lawyer." The court again noted *Fryhaat, supra*, 35 Cal.App.5th 969 and reiterated that defendant was not entitled to appointed counsel.

The trial court then conducted an evidentiary hearing over two days which included a court inquiry of the prosecutor who

pending removal proceedings. On November 5, 2020, the immigration court found him subject to deportation because he had been convicted of an aggravated felony. Defendant appealed the decision to the Board of Immigration Appeal which denied his petition. He then appealed to the Ninth Circuit Court of Appeals. On November 5, 2021, he was released on bail while his appeal was pending.

4

handled defendant's trial.  The court asked the prosecutor whether the District Attorney's office ever offered defendant "an immigration neutral disposition" or any offer that was "less than five years and a carjacking."  The prosecutor answered, "I have reviewed the [District Attorney's] case file . . . , and all notes associated with it, and at no time was [defendant] offered anything less than, . . . it looks like six years was the minimum offer for a carjacking.  And it may have been five years at one point.  [¶]  The offer then went up to seven years, eight months, after the preliminary hearing, and that was declined.  [¶]  And then we went to trial."

Based on the prosecutor's explanation, the trial court concluded, "You haven't met your burden.  You haven't proved by a preponderance of the evidence.  [¶]  . . .  [¶]  The motion is denied.  [¶]  There is no evidence that an immigration neutral offer was ever made.  [¶]  This was a jury trial case."

Defendant filed a timely notice of appeal from the order denying his motion.

## III.  DISCUSSION

Defendant challenges the trial court's ruling denying him appointed counsel at the section 1473.7 hearing, arguing that the decision was based on a misreading of *Fryhaat*, *supra*, 35 Cal.App.5th 969 concerning the circumstances under which the right to counsel attached.  The Attorney General concedes that "the right to counsel, upon request and showing of indigency, attaches in the limited circumstance where a defendant has made a prima facie case, and the court holds a hearing" and therefore requests that we reverse and remand for appointment of counsel,

5

if appropriate, and to conduct a new hearing on the merits of defendant's motion.  For the reasons explained below, we accept the concession, reverse the ruling, and remand for further proceedings.

A.    *Standard of Review*

The parties agree that the facts relevant to the appointed-counsel issue, including that defendant made a prima facie showing of entitlement to relief and presented proof in support of his indigency claim, are undisputed.  We therefore review his contentions under section 1473.7 and the due process clause as questions of law.  (See *Fryhaat, supra*, 35 Cal.App.5th at p. 975 ["The construction and interpretation of a statute is a question of law that we consider de novo on appeal"].)

B.    *Section 1473.7*[6]

"[S]ection 1473.7 allows noncitizens previously convicted of crimes to which they pleaded guilty, and are no longer imprisoned or restrained, to bring a motion to vacate a conviction when that conviction is "'legally invalid due to a prejudicial error

---

[6]    Section 1473.7, subdivision (a)(1) provides:  "(a) A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for any of the following reasons:  [¶] (1) The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence.  A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel."

6

damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty.'" [Citation.]" (*Fryhaat, supra*, 35 Cal.App.5th at p. 976.) The rights under that section are not limited to convictions following pleas, but also apply to persons, like defendant, who were convicted after a trial. (*People v. Singh* (2022) 81 Cal.App.5th 147, 152 [section 1473.7 "now clearly permits relief to defendants who were convicted after a trial"].)

## C.     *Right to Counsel*

Section 1473.7 is silent concerning a statutory right to counsel during proceedings conducted pursuant to its provisions. But courts have recognized a constitutional right to counsel in analogous resentencing contexts. "A 'criminal defendant has a constitutional right to counsel, guaranteed by the Sixth Amendment . . . and article I, section 15 of the California Constitution, "'at all critical stages of the criminal process'" [citation], including sentencing and resentencing hearings.' [Citations.] . . . In addition, it 'is well established that due process requires an incarcerated defendant be afforded the right to counsel in various circumstances where the Sixth Amendment does not' [citation], such as a 'criminal appeal as of right' [citation] and a 'habeas corpus or *coram nobis* proceedings after a defendant establishes a prima facie case for postconviction relief' [citation]." (*People v. Grajeda* (2025) 111 Cal.App.5th 829, 837–838, fn. omitted (*Grajeda*).)

"Although the defendant does not have a constitutional right to counsel at the initial eligibility stage of a statutory

resentencing process [citations], once the defendant states a prima [facie] case for relief or reaches the resentencing stage, the defendant has that right. [Citation.] For example, a defendant has a constitutional right to effective assistance of counsel at an evidentiary hearing under section 1172.6 [citation], at a resentencing hearing under section 1172.1 [citation], at a resentencing hearing under section 1170.18 (Prop. 47) [citation], and at a hearing to vacate a conviction or sentence under section 1473.7 [citation]. By the same token, a defendant has a constitutional right to the effective assistance of counsel at a resentencing hearing under section 1172.75, whether under the Sixth Amendment [citation], the due process clause [citations, fn. omitted], or both [citation]." (*Grajeda, supra*, 111 Cal.App.5th at p. 838.)

In *Fryhaat, supra*, 35 Cal.App.5th 969—in which the moving party was in federal custody and thus unable to attend the section 1473.7 hearing—the court interpreted the statute in light of constitutional principles and concluded that the movant had a right to appointed counsel. "We thus construe amended section 1473.7 to provide the right to appointed counsel where an indigent moving party has set forth factual allegations stating a prima facie case for entitlement to relief under the statute; to interpret the statute otherwise would be to raise serious and doubtful questions as to its constitutionality." (*Id*. at p. 981.) The court explained: "In light of the fact writs of habeas corpus and writs of *coram nobis*, and likely section 1016.5 motions to vacate, require court-appointed counsel for an indigent petitioner or moving party who has established a prima facie case for entitlement to relief, and given a section 1473.7 motion was intended to fill the gap left by the foregoing procedural avenues

8

for relief, interpreting section 1473.7 to also provide for court-appointed counsel where an indigent moving party has adequately set forth factual allegations stating a prima facie case for entitlement to relief would best effectuate the legislative intent in enacting section 1473.7." (*Id.* at p. 983, fn. omitted.)

D.    *Analysis*

It is undisputed that defendant made the necessary prima facie showing under section 1473.7 and submitted evidence of his indigency. We therefore conclude the trial court erred by denying his request for appointment of counsel on the grounds that his presence at the hearing made such appointment unnecessary. Contrary to the court's narrow reading of *Fryhaat, supra,* 35 Cal.App.5th 969, the rationale for the holding in that case was not limited to situations in which the moving party was in federal immigration custody and unable to attend the hearing. Instead, the *Fryhaat* court articulated a broader view, with which we agree, that the right to appointed counsel attaches in section 1473.7 proceedings when an indigent defendant makes a prima facie showing he is entitled to relief and the trial court then proceeds to an evidentiary hearing.

The Attorney General does not argue that the failure to appoint counsel was harmless, and with good reason. There is a reasonable probability of a more favorable result for defendant if he were represented by counsel who could have ensured that the trial court had the fullest picture of all relevant facts. (*College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715 ["'probability' in this context does not mean more likely than not,

9

but merely a *reasonable chance*, more than an *abstract possibility*"].)

## IV.   DISPOSITION

The order denying the section 1473.7 motion to vacate is reversed and remanded with instructions to conduct further proceedings consistent with this opinion on defendant's request for appointment of counsel and to hold a new hearing on the merits of his request for relief under section 1473.7.

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

10