Filed 1/27/21  P. v. Aranda CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B301114 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A033571) |
| v. | |
| GUADALUPE ACOSTA ARANDA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Susan Sullivan Pithey, Assistant Attorneys General, Idan Ivri and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Guadalupe Acosta Aranda (defendant) appeals from the summary denial of his petition for resentencing pursuant to Penal Code section 1170.95.[1] Defendant contends that the trial court erred in finding him ineligible for relief under the statute and in failing to appoint counsel as requested in the petition. Finding no merit to defendant's claims, we affirm the trial court's order.

## BACKGROUND

**The 1987 conviction**

In 1986, defendant was charged with the murder of Victor Armendariz (Armendariz).[2] The information alleged that in the commission of the murder, defendant personally used a firearm. On August 20, 1987, defendant pled guilty to second degree murder, admitted the firearm allegation, and was sentenced to a term of 15 years to life in prison. Defense counsel stipulated to the preliminary hearing transcripts and police reports as a factual basis for the plea.

The evidence adduced at preliminary hearing showed that the body of Armendariz was found in April 1986 near a junkyard.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] We granted respondent's request for judicial notice of the following documents from the record of conviction in Los Angeles County Superior Court case number A033571: the information, the preliminary hearing transcript, the plea transcript, and the judgment. (See Evid. Code, § 459; Cal. Rules of Court, rule 8.252(a).) We summarize procedural and evidentiary facts from those documents.

2

Investigators spoke to residents in the area of the junkyard, including defendant. After defendant was informed of his *Miranda* rights,[3] he admitted that he had shot and killed Armendariz. According to defendant, Armendariz had come to defendant's home, demanded drugs and money, and when defendant told him he had none, Armendariz demanded that defendant open his garage so that Armendariz could take tools to sell in order to buy drugs. Defendant told detectives that he had hidden a gun in the garage in order to kill Armendariz. The two men entered the garage, and after Armendariz selected several tools, defendant shot him in the head. Defendant then dumped the body near the junkyard and threw away the gun.

**The section 1170.95 petition**

In June 2019, defendant filed a petition for resentencing under section 1170.95. The petition alleged:

> "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.
> "2. I accepted a plea offer in lieu of a trial at which I could have been convicted for first or second degree murder.
> "3. I could no longer be convicted of first or second degree murder because of changes to Penal Code Section 188 or 189 made effective January 1, 2019."
> "5. I request that this court appoint counsel for me during this resentencing process."

---

[3]    See *Miranda v. Arizona* (1966) 384 U.S. 436, 444-445.

3

The trial court summarily denied the petition on June 24, 2019, on the ground that section 1170.95 did not apply to defendant because he was the actual killer.[4]

Defendant filed a timely notice of appeal from the order denying his petition.

## DISCUSSION

Defendant contends that the trial court prejudicially erred and violated his federal constitutional rights to due process and assistance of counsel by summarily denying his petition. He argues that because his petition contained all the allegations required by section 1170.95, subdivision (b)(1), he stated a prima facie claim for resentencing under the statute, and the trial court was thus required under subdivision (c) to appoint counsel and give the parties the opportunity to file additional briefing.

A petitioner under section 1170.95 is entitled to the appointment of counsel, the opportunity for further briefing, and a hearing only if his petition makes a prima facie showing that he is entitled to relief. (See § 1170.95, subds. (c) & (d).) A "'prima facie showing is one that is sufficient to support the position of the party in question.' [Citation.]" (*People v. Drayton* (2020) 47 Cal.App.5th 965, 977 (*Drayton*), quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.) As relevant here, a person is entitled to relief under section 1170.95 if, (1) "[a]

---

[4]     The trial court also ruled that section 1170.95 was unconstitutional. Since the trial court's order, it has been repeatedly held that Senate Bill 1437 did not violate the California Constitution. (See *People v. Superior Court of Butte County* (2020) 51 Cal.App.5th 896, 902, and cases cited therein.)

complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree or second degree murder [after he] accepted a plea offer in lieu of a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) A person may be convicted of murder, even after the 2019 changes to sections 188 and 189, if he "was the actual killer." (§ 189, subd. (e)(1).)

Where a petition alleges each element necessary to make out a prima facie case for relief under section 1170.95, a trial court is not required to accept those allegations at face value, but may also examine the record of conviction. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-900, 908-909, review granted Aug. 12, 2020, S263219 (*Tarkington*); *Drayton, supra,* 47 Cal.App.5th at p. 968; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 119-121, review granted Nov. 10, 2020, S264684.) The record of conviction includes such documents as the "complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea . . . ." (*Verdugo*, at pp. 329-330.) However, the contents of the record of conviction will defeat a defendant's prima facie showing only when the record "show[s] *as a matter of law* that the petitioner is

not eligible for relief." (*Lewis*, at p. 1138, italics added; *Verdugo*, at p. 333; *Torres*, at p. 1177; *Drayton*, at p. 968; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 (*Cornelius*) [record must show defendant is "indisputably ineligible for relief"].)

Citing *People v. Duvall* (1995) 9 Cal.4th 464, 474-475, and California Rules of Court, rule 4.551(c)(1), defendant suggests that the trial court should have followed analogous habeas corpus procedure by assuming the truth of the petition's factual allegations in determining whether a prima facie showing of entitlement to relief was made. However, even in a habeas proceeding a court is not required to assume the allegations are true if they are directly contradicted by the court's own records. (*In re Serrano* (1995) 10 Cal.4th 447, 456.) Thus, as in a habeas proceeding, "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law -- for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing." (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.)

Here, the trial court correctly concluded that defendant did not make a prima facie case for relief because the record of conviction establishes, as a matter of law, that he is not eligible for relief. Defendant admitted in the factual basis for his plea that he was the actual killer, intended to kill, and personally used a firearm. Under the amended sections 188 and 189, the actual killer who acted with malice aforethought can still be

6

convicted of murder. (See §§ 188, subd. (b), 189, subd. (e)(1).) Thus, the changes to sections 188 and 189 are inapplicable, and defendant is ineligible for resentencing under section 1170.95 as a matter of law. (See *Cornelius*, *supra*, 44 Cal.App.5th at p. 58; *Tarkington*, *supra*, 49 Cal.App.5th at pp. 899, 910.)

We agree with respondent that if the trial court had followed an erroneous procedure, any error would be harmless. Defendant asserts that the trial court's denial of counsel is prejudicial under any standard because "counsel could have argued that [defendant] did not act with malice aforethought", and "because it is impossible to know how the court would have ruled if it had the benefit of counsel's input." On the contrary, section 1170.95 extends vacatur and resentencing to petitioners who "could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*. The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*People v. Allison* (2020) 55 Cal.App. 5th 449, 461.)

Defendant also contends that the trial court's failure to appoint counsel prior to denying the petition was a violation of his rights to counsel and due process under the federal and state constitutions, amounting to structural error. If not structural, defendant argues, we should apply the test applied to federal constitutional error as stated in *Chapman v. California* (1967) 386 U.S. 18, 24, to determine whether the error was harmless beyond a reasonable doubt. However, prisoners have no federal "constitutional right to counsel when mounting collateral attacks upon their convictions [citation]." (*Pennsylvania v. Finley* (1987)

481 U.S. 551, 555.) Under the federal constitution, the right to appointed counsel extends only to trial and the first appeal; and when states enact statutes to provide other postconviction relief, they have substantial discretion to develop and implement such programs. (*Id.* at pp. 557-559.) In California, examples can be found in the rules governing petitions for writ of habeas corpus and *coram nobis* which require the petition to state a prima facie showing of entitlement to relief before the court must appoint counsel. (See *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 982.) As defendant did not make a prima facie showing of eligibility under section 1170.95, the trial court was not required to appoint counsel, and thus there was no structural or constitutional error.

## DISPOSITION

The order of the superior court denying defendant's section 1170.95 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:

_____, P. J.
LUI


_____, J.
HOFFSTADT

8