Filed 4/21/21  P. v. Childress CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B299879 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA356413) |
| v. | |
| JOEL VINCENT CHILDRESS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles Lee and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant and appellant Joel Vincent Childress (defendant) appeals from the summary denial of his petition for resentencing under Penal Code section 1170.95.[1] Defendant contends that the trial court was required to appoint counsel and permit briefing prior to finding defendant eligible or ineligible for relief. Finding no merit to defendant's contention, we affirm the order.

## BACKGROUND

### The 2011 murder convictions[2]

Defendant and codefendants were tried together and convicted of one count of first degree murder (count 2); two counts of attempted willful, deliberate, and premeditated murder (counts 3 and 4); and one count of making a criminal threat (count 5). In addition, defendant was convicted of one count of second degree murder (count 1). The jury found true the special circumstance that count 1 was one of multiple murders, within the meaning of section 190.2, subdivision (a)(3). The jury also found true that, as to all counts, the crimes were committed for the benefit of, at the direction of, and in association with a criminal street gang, with the specific intent to promote, further and assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1)(C); as to counts 1, 2, 3, and 4, that a principal personally and intentionally used and discharged a firearm, within the meaning of section 12022.53,

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

[2]    We granted defendant's request for judicial notice of the appellate record in *People v. Childress* (Sept. 4, 2013, B238241) (nonpub. opn.) (*Childress I*). We summarize the procedural history and some of the trial evidence from this opinion.

subdivisions (c) and (e)(1); and as to counts 1 and 2 that the discharge of the firearm proximately caused great bodily injury and death to the victims. (*Childress I*, *supra*, B238241.)

**Trial evidence**

### Count 1: second degree murder

The evidence presented at trial showed that in February 2008 a white Chevrolet sedan approached a liquor store where the store's surveillance camera recorded the sedan circling around and slowing to a stop at the curb in front of the murder victim. (*Childress I, supra*, B238241.) The video showed a person in dark clothing getting out of the white car just before two flashes were seen. (*Ibid*.) Defendant later admitted to law enforcement that he was driving his mother's white Chevrolet sedan with two fellow gang members as passengers, knowing that they intended to "put in work" for the gang, and knowing that getting out of a car to "bang" on someone meant that violence would result. (*Ibid*.) Defendant also admitted that before he drove them to the liquor store, he had guessed that one of his passengers had a gun. He admitted that when he pulled up to the curb, the gang member with the gun opened the door and started shooting. (*Ibid*.) Soon afterward, the sedan was painted black. Defendant claimed that his mother had it painted after an accident. (*Ibid*.)

### Counts 2-5: first degree murder, attempted murders, threat

In May 2009, defendant was driving the same Chevrolet sedan, by then painted black, with his codefendants and fellow gang members, Kelsie Palmer and Eric Allen. (*Childress I*, *supra*, B238241.) He stopped alongside a woman wearing a blue bandanna, a color symbolizing a rival gang. (*Ibid*.) Allen got out

of the car and held a gun to the woman's side, as both he and Palmer threatened her several times before the three men left the scene. (*Ibid.*)

A short time later, defendant and his companions came across a woman sitting in her parked car talking to her boyfriend and a neighbor, who stood outside the car. (*Childress I*, *supra*, B238241.) Defendant pulled the black sedan up alongside her car and stopped, just before Palmer opened the front passenger door and Allen emerged from rear passenger seat. (*Ibid.*) Allen and possibly Palmer may have fired their weapons, wounding the neighbor and killing the woman. Defendant and his codefendants were identified and arrested the same day. (*Ibid.*)

**The section 1170.95 petition**

In June 2019, defendant filed a petition for resentencing under section 1170.95. On the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was not the actual killer, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," that he was not a major participant in the crime, and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019." Defendant checked both the box requesting the appointment of counsel, as well as the box averring that there has been a prior determination by a court or jury that he was not a major participant in the crime or did not act with reckless indifference to human life under section 190.2.

Defendant also checked every other box on the form petition, except the box indicating conviction of second degree murder on a plea of guilty or no contest.

4

On August 21, 2019, after a review of the court's file and our appellate opinion in *Childress I*, the trial court found defendant ineligible for relief under section 1170.95, and summarily denied the petition.

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Defendant contends that the trial court prejudicially erred by summarily denying his petition for resentencing without appointing counsel and permitting briefing, in violation of his federal constitutional rights to due process and the assistance of counsel.

A petitioner under section 1170.95 is entitled to the appointment of counsel, the opportunity for further briefing, and a hearing only if his petition makes a prima facie showing that he is entitled to relief. (See § 1170.95, subds. (c) & (d).) A "'prima facie showing is one that is sufficient to support the position of the party in question.'" (*People v. Drayton* (2020) 47 Cal.App.5th 965, 977 (*Drayton*), quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.) As relevant here, a person is entitled to relief under section 1170.95 if he was *convicted of felony murder or murder under a natural and probable consequences theory* and all of the following conditions apply: (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree or second degree murder following a trial," and (3) he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

5

Defendant argues that he made a prima facie showing of entitlement to relief because he checked the boxes indicating the required allegations.  He concludes that the trial court was thus required to issue an order to show cause and to appoint counsel. Defendant checked *all* the boxes except the box to allege that he had pled guilty or no contest.  If every petitioner did the same, everyone would make out a prima facie case for relief whether true or untrue, making the pleading requirements of section 1170.95, subdivision (a) meaningless.  However, contrary to defendant's argument, even where a petition alleges every element necessary to make out a prima facie case for relief, a trial court is *not* required to accept those allegations at face value, but may also examine the record of conviction.  (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138, review granted Mar. 18, 2020, S260598 (*Lewis*); see *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-900, 908-909, review granted Aug. 12, 2020, S263219 (*Tarkington*); *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481; *Drayton*, *supra*, 47 Cal.App.5th at p. 968; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 119-121, review granted Nov. 10, 2020, S264684.)

The record of conviction includes such documents as the "complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment." (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330.)  The record of conviction also includes jury instructions and any appellate opinion in the case.

6

(See *Lewis*, *supra*, 43 Cal.App.5th at pp. 1138-1139.) The contents of the record of conviction will defeat a defendant's prima facie showing when the record "show[s] *as a matter of law* that the petitioner is not eligible for relief." (*Lewis*, at p. 1138, italics added; see *Drayton*, 47 Cal.App.5th at p. 968; *Torres, supra*, 46 Cal.App.5th at p. 1177; *Verdugo*, at p. 333; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [record must show defendant is "indisputably ineligible for relief"].)

A petitioner is ineligible for relief under section 1170.95 as a matter of law if, like defendant, he was not convicted of felony murder or murder under a natural and probable consequences theory. (*People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166-1167; see § 1170.95, subd. (a).) Here, the jury was never instructed regarding the felony murder rule or the natural and probable consequences doctrine, and defendant makes no claim in his briefs that there were such instructions. The trial court read to the jury CALJIC No. 3.01, which defines direct aiding and abetting a crime or attempted crime. CALJIC No. 3.01 instructs the jury that to find a person guilty as an aider and abettor, it must find that with knowledge of the perpetrator's intent to commit the crime, and with the intent or purpose of committing or encouraging or facilitating the commission of the crime, the aider and abettor, by act or advice, aids, promotes, encourages or instigates the commission of the crime. The jury was also instructed regarding express and implied malice murder, malice aforethought, transferred intent, deliberate and premeditated murder, second degree murder, special circumstances for multiple murder and intentional killing by an active criminal street gang member. The record of conviction thus shows that

7

defendant was convicted of murder as a direct aider and abettor, not under the felony murder rule or the natural and probable consequences doctrine.  He is thus ineligible for relief as a matter of law.  (See *People v. Nguyen, supra*, at p. 1167.)

Moreover, in convicting defendant of first degree murder as charged in count 2 of the information, the jury found true the special circumstance allegation that defendant intentionally killed the victim while defendant was an active participant in a criminal street gang (§ 190.2, subd. (a)(22)).  This finding also makes defendant ineligible for relief under section 1170.95. (*People v. Allison* (2020) 55 Cal.App.5th 449, 460.)

Defendant argues that his defense at trial was that he thought his accomplices intended to commit a robbery, not murder, and points out that section 1170.95 provides for the admission of new evidence at the hearing to determine whether the defendant is entitled to relief.  (See § 1170.95, subd. (d)(3). He concludes that with the appointment of counsel and further briefing, it was reasonably probable that counsel could have convinced the court to issue an order to show cause and grant a hearing at which new evidence may have supported his defense.

"Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding.  In particular, subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance. Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*.  The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to

provide a do-over on factual disputes that have already been resolved." (*People v. Allison, supra*, 55 Cal.App.5th at p. 461.) Otherwise, "every convicted murderer who could make a prima facie showing (whatever that might be) that the prior findings were factually incorrect would be entitled to a bench trial de novo on those findings." (*Ibid*.)

Both before and after the changes to sections 188 and 189, an aider and abettor could and still can be convicted of murder if he intentionally acted with express or implied malice, so long as malice was not "imputed to [the] person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Here, malice was not imputed to defendant solely based on his participation in the crimes. As discussed above, the instructions and verdicts show that he was convicted as a direct aider and abettor of murder who harbored his own intent to kill. Thus, the record of conviction shows that the allegation of defendant's petition, that he could not now be convicted of first or second degree murder *because of the changes* to sections 188 and 189, like the allegation that defendant was convicted of felony murder or murder under the natural and probable consequences doctrine, is untrue. We conclude that the trial court did not err in summarily denying the petition.[3]

In addition, the trial court did not err in denying the petition without appointing counsel. Prisoners have no federal

_____

[3]    We did not find in the record of conviction any support for the petition's allegation that there has been a determination by a court or jury that defendant was not a major participant in the crime or did not act with reckless indifference to human life; and defendant has not argued here that such a determination has been made.

"constitutional right to counsel when mounting collateral attacks upon their convictions." (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555.) Under the federal constitution, the right to appointed counsel extends only to trial and the first appeal; and when states enact statutes to provide other postconviction relief, they have substantial discretion whether to develop and implement such programs.[4] (*Pennsylvania v. Finley*, at pp. 557-559.) As defendant did not make a prima facie showing of eligibility under section 1170.95, the trial court was not required to appoint counsel. (See § 1170.95, subds. (c) & (d).)

## DISPOSITION

The order denying the petition for resentencing is affirmed.


_____, J.
                                    CHAVEZ


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

---

[4] In California, examples can be found in the rules governing petitions for writ of habeas corpus and *coram nobis*, which require the petition to state a prima facie showing of entitlement to relief before the court must appoint counsel. (See *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 982.)

10