Filed 7/14/21  P. v. Torres-Vasquez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B306428 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA426925) |
| v. | |
| JUAN DAVID TORRES-VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mildred Escobedo, Judge.  Reversed and remanded with directions.

Christopher Lionel Haberman, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Roberta L. Davis and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

# MEMORANDUM OPINION

In 2015, Juan David Torres-Vasquez pled no contest to one count of taking a vehicle without consent and was sentenced to 16 months in prison. (Pen. Code, § 10851, subd. (a).)[1] Facing removal proceedings and deportation, Torres-Vasquez filed a motion to vacate his conviction pursuant to section 1473.7. He attached a declaration that he had informed his attorney several times he would rather go to trial to ensure he could stay in the United States, and his counsel assured him deportation was avoidable. Had he understood his plea would result in deportation, he would have sought an alternative plea or gone to trial.

The court summarily denied the motion without a hearing due to state-wide emergency orders regarding the COVID-19 pandemic and without appointing Torres-Vasquez counsel. The court cited portions of the plea hearing in which Torres-Vasquez affirmed he understood he would be deported and asked his counsel questions off the record about the immigration consequences of his plea.

Torres-Vasquez filed a second motion to vacate his conviction pursuant to sections 1016.5 and 1473.7, submitting a second declaration that he was not advised of the immigration consequences of his plea and would not have pled no contest had he known he would be deported. The court again summarily denied this motion without a hearing and without appointing defense counsel, this time with prejudice. It cited its previous denial and the same passages from the plea transcript.

---

[1] Undesignated statutory citations refer to the Penal Code.

On appeal, Torres-Vasquez argues he demonstrated entitlement to relief pursuant to section 1473.7, so we should reverse the order and direct the trial court to grant his motion. Alternatively, he requests we remand the matter because the trial court erred in summarily denying the motion without appointing him counsel or holding a hearing. Respondent partially concedes the procedural error on the second point, and does not address the merits. Consistent with *People v. Fryhaat* (2019) 35 Cal.App.5th 969 (*Fryhaat*), respondent urges us to remand the case with directions that the trial court evaluate whether Torres-Vasquez presented a prima facie case for relief pursuant to section 1473.7, and if so, appoint him counsel and address the motion on the merits.

We agree the order must be reversed and remanded consistent with *Fryhaat*, so we do not address the merits.

Section 1473.7 allows a defendant no longer in custody to move to vacate a plea on the ground it was invalid "due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (§ 1473.7, subd. (a)(1).) As of January 1, 2019, "[a] finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." (*Ibid.*; *People v. Camacho* (2019) 32 Cal.App.5th 998, 1006.) Thus, to show entitlement to relief, Torres-Vasquez is required to show (1) an error damaged his ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of the plea; and (2) he would not have entered the plea had he known it would have rendered

him deportable.  (*People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1133.)

Subdivision (d) of section 1473.7 expressly grants Torres-Vazquez the right to a hearing and his personal presence unless his presence is waived:  "All motions shall be entitled to a hearing.  Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present.  If the prosecution has no objection to the motion, the court may grant the motion to vacate the conviction or sentence without a hearing."

*Fryhaat* held this subdivision also requires a court "to provide the right to appointed counsel where an indigent moving party has set forth factual allegations stating a prima facie case for entitlement to relief under the statute." (*Fryhaat, supra*, 35 Cal.App.5th at p. 981.)  In *Fryhaat*, the trial court denied the defendant's section 1473.7 motion effectively without a hearing or the presence of counsel to advocate for him.  (*Fryhaat,* at p. 977.) The trial court denied the motion because the defendant was not present, he did not attach a declaration to his motion, and the plea agreement indicated he was "given the advisal."  (*Ibid.*)

The Court of Appeal reversed and remanded because this record did not demonstrate the trial court evaluated whether the defendant had presented a prima facie case.  The Court of Appeal could not "assume defendant was in fact advised of the immigration consequences by his appointed counsel without an adequate record." (*Fryhaat, supra,* 35 Cal.App.5th at p. 982.) Thus, the defendant was entitled to "remand for the superior court to consider whether defendant has set forth adequate factual allegations stating a prima facie case for entitlement to

4

relief under section 1473.7, to appoint counsel if appropriate, and to address the section 1473.7 motion on its merits." (*Id*. at p. 984.)

We will follow *Fryhaat*. While the trial court here cited portions of the plea transcript to deny the motion, there is no indication the court assessed whether Torres-Vasquez presented a prima facie case for relief. The court did not hear from him or any counsel advocating on his behalf, and the court had no testimony or declaration from Torres-Vasquez's plea counsel. The plea hearing was inconclusive as to what Torres-Vasquez understood or what his counsel told him. The plea court informed him he would be deported, and Torres-Vasquez affirmed he had spoken to his plea counsel about the immigration consequences. When the plea court asked if he had questions about the immigration consequences, he said "yes." He conferred with his counsel off the record, and his counsel then stated they were ready to proceed. This transcript does not preclude the possibility he misunderstood or was misadvised about the immigration consequences of his plea.

As in *Fryhaat*, "we cannot assume defendant was in fact advised of the immigration consequences by his appointed counsel without an adequate record." (*Fryhaat, supra,* 35 Cal.App.5th at p. 982.) Remand is appropriate for the trial court to evaluate whether Torres-Vasquez has set forth factual allegations stating a prima facie case for entitlement to relief under section 1473.7. If so, the trial court must appoint Torres-Vasquez counsel and address the merits of his motion.

## DISPOSITION

The order is reversed. The matter is remanded with directions for the trial court to evaluate whether Torres-Vasquez has alleged facts demonstrating a prima facie case to vacate his conviction pursuant to section 1473.7. If so, the court is directed to appoint counsel for Torres-Vasquez and address the merits of his motion.

OHTA, J.*

We Concur:

STRATTON, Acting P. J.

WILEY, J.

---

*    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.