Filed 6/29/22; Certified for Publication 7/14/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093084 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F06920) |
| v. | |
| PRAVINDAR PREM SINGH, | |
| Defendant and Appellant. | |

Defendant Pravindar Prem Singh, a noncitizen legal resident, was found guilty of various illegal substance charges. After serving his sentence for these convictions he was detained by Immigration and Customs Enforcement (ICE). He filed a motion under Penal Code section 1473.7,[1] seeking to vacate his conviction after a jury trial. He argues that, had he known of the immigration consequences of those convictions, he would have

---

[1] Undesignated statutory references are to the Penal Code.

1

attempted to negotiate a plea to an offense or offenses that did not carry those consequences. The trial court denied defendant's motion, finding he was ineligible because his conviction was the result of a trial, not a plea.

Assembly Bill No. 1259 (2021-2022 Reg. Sess.) (Assembly Bill 1259) became effective while defendant's appeal was pending and modified section 1473.7. We conclude Assembly Bill 1259 makes clear defendants whose convictions derive from a trial are eligible for relief under section 1473.7, so we reverse the trial court's order and remand for further proceedings.

BACKGROUND

In 2010, defendant was stopped for a traffic violation and law enforcement officers found about 200 grams of cannabis, a digital scale, empty baggies, cell phones, $580 in cash, and other items in defendant's car. (*People v. Singh* (Feb. 10, 2016, C077348) [nonpub. opn.].)[2] A jury found defendant guilty of possession of cannabis for sale (Health & Saf. Code, § 11359) and transportation of more than 28.5 grams of cannabis (Health & Saf. Code, § 11360, subd. (a)). (*People v. Singh*.) On September 8, 2014, defendant was sentenced to one year in prison. (*Ibid*.) Defendant appealed, and we affirmed his convictions. (*Ibid*.)

On May 15, 2020, defendant filed a motion to vacate his conviction under section 1473.7. Defendant's motion was supported by two declarations. The first was his declaration, which stated he is a legal permanent resident living in the country since he was 13 years old, and his wife, children, and parents are United States citizens. He

---

[2] On our own motion, we take judicial notice of our opinion affirming the judgment of conviction and sentence in defendant's direct appeal. (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

2

also declared his trial counsel did not advise him he would be inadmissible to stay in the country without defense to removal if he was convicted of either charge. He further declared: "If I had known that conviction of either of the charged offenses would make me inadmissible and destroy any defense to deportation I had, I would not have gone to trial, but would have asked my attorneys to try to negotiate an immigration-safe plea bargain. . . . I would have accepted a plea bargain to felonies and additional state prison time to preserve some chance to remain in the United States with my family." Defendant said he was detained by ICE based on his cannabis convictions after serving his sentence for those crimes.

The second declaration to defendant's motion was from his immigration attorney declaring defendant is "inadmissible due to all of his convictions" and is therefore "ineligible to apply for a new green card through any of [his] relatives." She also stated there "were several immigration neutral alternatives available to" defendant, providing several examples. She concluded that a vacatur "will permit him to preserve his lawful permanent residency, and will make him immediately eligible for release from" immigration custody.

On October 14, 2020, the trial court held a hearing on the motion after additional briefing by the parties, including supplemental responses regarding the applicability of section 1473.7 to defendants convicted after trial. The trial court started the hearing by asking the parties whether there is "any case law that is addressing [section] 1473.7 that is applied to felony convictions by trial." Defendant's counsel said, "no," so the court asked why it should grant the motion "seeking to vacate felony convictions after a jury trial" when there is not authority to do so. After further discussion and arguments on this issue by both attorneys, the trial court denied the motion, stating: "On its face, the statute doesn't apply in the Court's view to the facts of this case. So the Court will deny the motion."

Defendant timely appealed.

3

Defendant argues that, based on the plain language of the statute and tools of statutory construction, section 1473.7 applies to noncitizen defendants who choose to go to trial. After his opening brief, defendant filed a supplemental brief arguing the recently passed Assembly Bill 1259 applies retroactively to his case and that it modified section 1473.7 to conclusively establish relief is not limited to convictions by plea. The People agree that section 1473.7 now applies to convictions after trials, like defendant's, but that defendant's motion nevertheless lacks merit because defendant failed to establish he could have been offered a plea agreement without adverse immigration consequences or that his counsel failed to advise him of the consequences.

I

*Section 1473.7 and Assembly Bill 1259*

Section 1473.7 permits noncitizens to vacate convictions after they are no longer in criminal custody based on a failure to understand adverse immigration consequences of their convictions. (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 976-977.) At the time of defendant's motion and the hearing with the trial court, the relevant portion of section 1473.7 provided that a defendant may file a motion to vacate if "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." (Former § 1473.7, subd. (a)(1).) The "consequences of a plea of guilty or nolo contendere" language was also in a subdivision detailing hearings on this motion. (Former § 1473.7, subd. (e)(4).) Assembly Bill 1259 (2021-2022 Reg. Sess.), effective January 1, 2022, modified this language in both sections to now read "consequences of a *conviction or sentence*." (§ 1473.7, subds. (a)(1) & (e)(4), as amended by Stats. 2021, ch. 420, § 1, italics added.)

4

Without addressing the prior statutory language, we agree with the parties that section 1473.7 now clearly permits relief to defendants who were convicted after a trial. "We review de novo questions of statutory construction. [Citation.] In doing so, ' "our fundamental task is 'to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' " ' [Citation.] We begin with the text, 'giv[ing] the words their usual and ordinary meaning [citation], while construing them in light of the statute as a whole and the statute's purpose [citation].' [Citation.] 'If no ambiguity appears in the statutory language, we presume that the Legislature meant what it said, and the plain meaning of the statute controls.' [Citation.]" (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123.)

The language "conviction or sentence" has no qualifiers, so the plain language indicates an intent to apply section 1473.7 to all defendants whose "conviction or sentence" is legally invalid, regardless of the source of the conviction. (*People v. Benson* (1998) 18 Cal.4th 24, 32 [finding statutory language "without qualification or exception" requires courts to give "great significance" to "the use of broad language by the electorate and the Legislature"].) Section 1473.7 does still provide: "If the court grants the motion to vacate a conviction or sentence obtained through a plea of guilty or nolo contendere, the court shall allow the moving party to withdraw the plea." (§ 1473.7, subd. (e)(3).) But this is not the only form of relief and instead is a specific type of relief for a specific class of defendants. Assembly Bill 1259's changes to the hearing provision confirm relief is available to all defendants, as long as the court finds the conviction is legally invalid due to unforeseen "adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (e)(4).) This too is without qualification. And though we find no ambiguity in the statutory language, we do note the legislative history also confirms the Legislature's intent to modify section 1473.7 to include convictions after trial. (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1259 (2021-2022 Reg. Sess.) as amended May 24, 2021, p. 3 ["This bill

5

expands the category of persons able to seek to vacate a conviction or sentence as legally invalid, whatever way that person was convicted or sentence[d], including a person who was found guilty after a trial"].)

We also agree with the parties that these changes apply to defendant's case. Under *Estrada*, absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when the statute takes effect. (*In re Estrada* (1965) 63 Cal.2d 740, 744-745.) A case is not yet final if the criminal proceeding " ' "has not yet reached final disposition in the highest court authorized to review it." ' " (*People v. McKenzie* (2020) 9 Cal.5th 40, 46.) Assembly Bill 1259 applies retroactively here because it created ameliorative changes—defendants with convictions from trials can now seek vacation of their convictions—and defendant's case is not yet final because he properly and timely appealed the denial of his motion. (§ 1473.7, subd. (f) ["An order granting or denying the motion is appealable under subdivision (b) of Section 1237 as an order after judgment affecting the substantial rights of a party"].)

The trial court's denial here was entirely based on defendant's ineligibility due to his conviction deriving from a trial. The trial court's questions and the entire discussion of the hearing related to whether section 1473.7 requires the conviction to derive from a plea. Thus, it found the statute did not apply to defendant "[o]n its face." After Assembly Bill 1259, this finding is no longer valid. Defendant may file a motion to vacate his conviction based on prejudicial error related to the adverse immigration consequences of his conviction after trial.

II

*Application of Section 1473.7*

After this point, the parties disagree on the correct resolution. The People contend that defendant's motion still lacks merit. Under section 1473.7, "[t]he court shall grant the motion to vacate the conviction or sentence if the moving party establishes, by a

6

preponderance of the evidence, the existence of any of the grounds for relief specified in subdivision (a)." (§ 1473.7, subd. (e)(1).) The relevant grounds here is that the conviction "is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (*Id.*, subd. (a)(1).)

We exercise our independent judgment in reviewing appeals from section 1473.7 hearings. (*People v. Vivar* (2021) 11 Cal.5th 510, 526-527.) "Under this standard, ' "an appellate court exercises its independent judgment to determine whether the facts satisfy the rule of law." ' [Citation.] Independent review extends particular deference to trial court findings 'that are based on " 'the credibility of witnesses the [superior court] heard and observed' " ' but not to findings drawn from the 'cold record' in the proceeding, since the trial and appellate courts are in the same position when tasked with interpreting such materials. [Citation.]" (*People v. Alatorre* (2021) 70 Cal.App.5th 747, 755.)

We are unable to do an independent review here because the trial court did not address the merits of defendant's motion. Every qualifying defendant filing a section 1473.7 motion is entitled to a hearing on the merits of the motion. (§ 1473.7, subd. (d) ["[a]ll motions shall be entitled to a hearing"].) The trial court found defendant did not qualify so it did not hold a hearing on the contents of the motion and defendant's assertions within. And though reviewing courts can conduct an independent review, we must still give deference to the trial court's factual findings. (*People v. Vivar, supra*, 11 Cal.5th at p. 527.) No such factual determinations have been made here. Defendant did present two declarations supporting his motion, but the court never analyzed these, and the People did not have an opportunity to challenge them at the hearing, including cross-examining defendant. This is not a "cold record" in which we can independently review the trial court's ruling based on documentary evidence because the trial court made no such ruling on the record whether defendant did or did not establish eligibility by the preponderance of the evidence. And there is likely other highly relevant evidence

7

the trial court may want to review when making this ruling, such as the original attorney's testimony. (See *People v. Camacho* (2019) 32 Cal.App.5th 998, 1009 [the "defendant's claims of error were supported by his former attorney's undisputed testimony"].)

The People contend that it would require pure speculation to find defendant could have accepted a plea without adverse immigration consequences. But this is inherent in all section 1473.7 motions. The trial court will be tasked with determining whether defendant can prove by the preponderance of the evidence whether there was a viable alternative and that defendant would have taken that fully informed of the immigration consequences. (*People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1133.) The speculative nature of this task does not render it impossible. This is not unlike other cases involving ineffective assistance of counsel claims where courts must evaluate "*post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." (*Lee v. U.S.* (2017) 198 L.Ed.2d 476, 487.) In these instances, courts must "look to contemporaneous evidence to substantiate a defendant's expressed preferences." (*Ibid*.) And this exercise is best performed by the trial court in the first instance. (Cf. *People v. Bowers* (2004) 117 Cal.App.4th 1261, 1271, 1272-1273 [after an "independent review," the appellate court reversed the denial of a motion to suppress on a legal issue and remanded because the "trial court in the first instance should hear the evidence"].) Thus, we reverse and remand for the trial court to conduct a hearing in accordance with the full provisions of section 1473.7. (See *People v. Fryhaat, supra*, 35 Cal.App.5th at p. 984 [reversing and remanding after finding the trial court erred in summarily denying a § 1473.7 motion].)

8

## DISPOSITION

We reverse the trial court's order denying defendant's motion.  We remand for the trial court to consider defendant's motion in accordance with this opinion.


                                                  _____

                                                  HULL, Acting P. J.


We concur:


_____

RENNER, J.


_____

EARL, J.

Filed 7/14/22

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PRAVINDAR PREM SINGH,<br><br>Defendant and Appellant. | C093084<br><br>(Super. Ct. No. 10F06920)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

APPEAL from a judgment of the Superior Court of Sacramento County, Steven M. Gevercer, J. Reversed.

Erin J. Radekin for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman, Supervising Deputy Attorney General, and Kathryn L. Althizer, Deputy Attorney General for Plaintiff and Respondent.

1

THE COURT:

The opinion in the above-entitled matter filed on June 29, 2022, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:

_____
HULL, Acting P. J.

_____
RENNER, J.

_____
EARL, J.

2