Filed 1/20/21  P. v. Arissol CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER MERVIN ARISSOL,<br><br>    Defendant and Appellant. | 2d Crim. No. B302755<br>(Super. Ct. No. F498681001)<br>(San Luis Obispo County) |

Christopher Mervin Arissol appeals an October 30, 2019 order denying his motion to vacate a 2014 felony conviction pursuant to Penal Code section 1473.7.[1]  Appellant contends, and the Attorney General agrees, the superior court erred in denying the motion without appellant present.  (§ 1473.7, subd. (d).)  We reverse and remand with directions to appoint counsel for appellant if appropriate, and conduct a hearing on the merits of

---

[1] All statutory references are to the Penal Code.

the motion at which appellant and the People will be permitted to present evidence, testimony, and argument.

*Procedural History*

In 2014, appellant pled no contest to two counts of corporal injury on a spouse/cohabitant (§ 273.5, subd. (a)) and false imprisonment with force (§ 236).  The trial court suspended imposition of sentence and granted three years probation with 365 days jail.

On July 22, 2019, appellant filed a pro per motion to vacate the conviction alleging that he received ineffective assistance of trial counsel because counsel failed to advise him of the immigration consequences of the plea before it was entered.  The motion stated that appellant was being detained by the United States Immigration and Customs Enforcement (ICE) and that he had been advised that he will be deported as a result of the conviction.

The superior court denied the motion on October 30, 2019 without appellant present.

*Personal Presence at Hearing*

Section 1473.7, subdivision (d) states:  "All motions shall be entitled to a hearing.  Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present."  The record reflects that appellant did not waive his right to be present and the trial court did not make a good cause finding as to why appellant could not be present.  "[T]he plain language of section 1473.7, subdivision (d), establishes that a moving party is entitled to a hearing" and "entitle[s appellant] to be personally present at the hearing."  (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 977

(*Fryhaat*).)  The Attorney General agrees that counsel should be appointed for appellant if the trial court, on remand, determines the moving papers set forth adequate factual allegations stating a prima facie case for entitlement to relief.  (*Id*. at pp. 983-984.)

*Disposition*

The order denying the section 1437.7 motion to vacate the conviction is reversed and the matter is remanded with directions to:  evaluate appellant's motion and request for appointment of counsel consistent with the opinion, appoint counsel for appellant if appropriate, and conduct a hearing on the merits of the motion at which appellant and the People will be permitted to present evidence, testimony, and argument. (*Fryhaat, supra*, 35 Cal.App.5th at p. 984; *People v. Rodriguez* (2019) 38 Cal.App.5th 971, 984.)

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

3

Matthew G. Guerrero, Judge

Superior Court County of San Luis Obispo

_____

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.