Filed 8/23/22  P. v. Domingo CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SULIETO GUITCHE DOMINGO,<br><br>    Defendant and Appellant. | B311599<br><br>(Los Angeles County<br>Super. Ct. No. NA105356) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Reversed and remanded with instructions.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Steven D. Matthews, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Defendant and appellant Sulieto Domingo appeals from the trial court's denial of his petition for a writ of habeas corpus pursuant to Penal Code section 1473.7[1] that requested the court vacate his prior conviction. He contends the court erred in failing to hold a hearing on his request at which he was personally present. We reverse.

# II.    PROCEDURAL BACKGROUND[2]

On August 13, 2018, defendant pleaded no contest to assault with a semiautomatic firearm (§ 245, subd. (b)) and admitted a gang allegation (§ 186.22, subd. (b)(1)(B)). The trial court sentenced defendant to 11 years in state prison.

On February 25, 2021, defendant filed a petition for a writ of habeas corpus pursuant to section 1473.7 asking the trial court to vacate his conviction. On March 2, 2021, the court denied defendant's petition without a hearing, defendant's presence, or the appointment of counsel.

---

[1]    All further statutory references are to the Penal Code.

[2]    Because the only issue on appeal concerns the trial court's failure to hold a hearing on defendant's request to vacate his conviction pursuant to section 1473.7, we omit a recitation of the facts underlying that conviction.

## III.   DISCUSSION

Defendant contends the trial court erred in denying his section 1473.7 petition for a writ of habeas corpus without holding a hearing at which he was present.[3]  The Attorney General agrees as do we.  We note, however, that to obtain relief under section 1473.7, a defendant must file a motion and not a petition for a writ of habeas corpus.  (See § 1473.7, subds. (a)–(g).)  We deem defendant's petition for a writ of habeas corpus to be a motion for relief under section 1473.7.

A.   *Standard of Review*

We review de novo all claims of error made under section 1473.7, subdivision (a)(1).  (*Vivar, supra*, 11 Cal.5th at p. 526, fn. 4.)

---

[3]   Although defendant does not contend the court erred in failing to appoint counsel to represent him, he asks that we instruct the court to evaluate whether to appoint counsel to represent him on remand.  Although not explicitly stated in section 1473.7, subdivision (d), due process requires the appointment of counsel for a moving party who (1) is indigent, (2) in federal immigration custody, and (3) has established a prima facie case of entitlement to relief under the statute.  (*People v. Rodriguez* (2019) 38 Cal.App.5th 971, 981–984, disapproved on other grounds by *People v. Vivar* (2021) 11 Cal.5th 510, 526, fn. 4 (*Vivar*); *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 981 (*Fryhaat*).)

B.  *Analysis*

Pursuant to section 1473.7, subdivision (a)(1), "[a] person who is no longer in criminal custody may file a motion to vacate a conviction or sentence" if "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." "All motions shall be entitled to a hearing. Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present. . . ." (§ 1473.7, subd. (d); *Fryhaat, supra*, 35 Cal.App.5th at p. 977 [section 1473.7, subdivision (d) entitles a moving party to a hearing and to be personally present at that hearing].)

Defendant was not personally present at the hearing on his section 1473.7 "motion" and did not request the trial court to hold that hearing without his personal presence. Moreover, the court did not find good cause that defendant could not be present at the hearing. (§ 1473.7, subd. (d).) Accordingly, the court did not satisfy section 1473.7, subdivision (d)'s requirements and we reverse the court's order denying defendant's "motion" and remand for the court to hold a hearing consistent with section 1473.7's provisions. (*Fryhaat, supra*, 35 Cal.App.5th at p. 978.)

## IV.   DISPOSITION

The order is reversed.  The matter is remanded for a hearing on defendant's petition for a writ of habeas corpus (which shall be deemed a motion under section 1473.7) that is consistent with section 1473.7, subdivision (d)'s provisions.  The trial court is to evaluate whether to appoint counsel to represent defendant.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:


RUBIN, P. J.


MOOR, J.

5