Filed 7/14/23  P. v. Martinez-Delgado CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JESUS MARTINEZ-DELGADO,<br><br>　　Defendant and Appellant. | B324286<br><br>(Los Angeles County<br>Super. Ct. No. VA064201) |

APPEAL from an order of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Reversed and remanded for further proceedings.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court summarily denied appellant Jesus Martinez-Delgado's motion to vacate his conviction. (Pen. Code, § 1473.7.)[1] Appellant argues that he "did not know that his guilty plea and the subsequent conviction would lead to mandatory deportation." Without addressing the merits of appellant's claim of ignorance, we conclude that the court erred as a matter of law by failing to conduct a hearing on the motion. (*Id.,* subd. (d).) We reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This is appellant's second appeal challenging the validity of his guilty plea. We quote our opinion from *People v. Martinez-Delgado* (Sept. 23, 2020, B303417) [nonpub. opn.] (*Martinez-Delgado*).

"Appellant was charged with two felony drug offenses. On May 11, 2001, he pleaded guilty to possession of cocaine base for sale. (Health & Saf. Code, § 11351.5.) The court found a factual basis for the plea. It sentenced appellant to 120 days in jail and three years of formal probation." (*Martinez-Delgado, supra,* B303417.)

"In April 2004, appellant ran a red light at high speed, nearly colliding with a police patrol car. When stopped, he failed to produce a driver's license and said he was on probation for a narcotic offense. During a probation search, officers found a plastic bag with $1,320 in cash hidden in the dashboard, bullets, and bags hidden in the car door panels containing 24.95 grams of tar heroin and 22.79 grams of cocaine base. As a result, the court revoked appellant's probation and sentenced him to the midterm of four years in prison." (*Martinez-Delgado, supra,* B303417.)

---

[1] Undesignated statutory references are to the Penal Code.

2

"In 2019, appellant petitioned for a writ of *coram nobis*, alleging ineffective assistance of counsel. Counsel purportedly failed to advise appellant that entering a guilty plea made him subject to mandatory deportation. Appellant declared that he would have elected to proceed to trial, had he received proper advice. The court denied the petition." (*Martinez-Delgado, supra,* B303417.)

"We appointed counsel to represent appellant in his appeal from the denial of his petition. After examining the record, counsel filed an opening brief raising no issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441–443.) We advised appellant that he could personally submit any contentions or issues that he wished to raise on appeal. He did not submit a supplemental brief." (*Martinez-Delgado, supra,* B303417.)

"In his signed guilty plea, appellant initialed boxes stating he discussed each waiver of his rights and consequence of his plea with his attorney and 'I understand that if I am not a citizen of the United States, the conviction for the offense charged may have the consequences of deportation.' At the plea hearing, appellant was warned, 'If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged may have the consequences of deportation.' The record supports the court's finding that appellant 'was clearly advised of the consequences of possible deportation' when he entered his plea." (*Martinez-Delgado, supra,* B303417.) We affirmed the order denying appellant's petition.

In August 2022, appellant moved in propria persona to vacate his conviction pursuant to section 1473.7. He argued that counsel was ineffective for failing to advise appellant of the deportation consequences of his plea or negotiating a plea that

3

would have avoided deportation; the plea was not knowing, intelligent, or voluntary. If he were properly advised, "I would have elected to proceed to trial." Appellant avers that counsel misled him, "never translated discovery documents into Spanish," and "did nothing to lower his sentence or obtain a more favorable plea agreement." He asked the court to appoint counsel and hold a hearing.

The court summarily denied appellant's motion, finding him ineligible for relief. Specifically, though appellant completed his sentence in California for his drug conviction, he is now incarcerated in federal prison in Florida; therefore, he failed to show he is not currently "a sentenced prisoner."

Appellant "strongly disagree[d]" that he cannot seek relief while in federal custody, after completing his state sentence. He asked the court to appoint counsel and reconsider its ruling. The court granted appellant a certificate of probable cause.

## DISCUSSION

Since 2017, "[a] person who is no longer in criminal custody" may move to vacate a conviction or sentence that "is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences." (§ 1473.7, subd. (a)(1).) The statute is retroactive and applies to persons convicted or sentenced before 2017, if its requirements are met. (*People v. Perez* (2018) 19 Cal.App.5th 818, 827–828.) The order on a motion to vacate is appealable. (§ 1473.7, subd. (f).)

The statute specifies, "*All motions shall be entitled to a hearing.* Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving

4

party provided that it finds good cause as to why the moving party cannot be present." (§ 1473.7, subd. (d), italics added.) This "plain language" entitles the moving party to a hearing and to be present at it. (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 977.) An indigent party is entitled to appointed counsel if the motion "set[s] forth factual allegations stating a prima facie case for entitlement to relief." (*Id.* at p. 981.)

Respondent concedes that appellant was deprived of the hearing mandated by section 1473.7, subdivision (d).[2] The court did not appoint counsel or hear written or oral testimony regarding appellant's understanding of his plea or whether trial counsel advised him of its consequences.

The trial court found that appellant does not qualify for relief because his motion was sent from federal prison in Florida. Appellant avers that he placed his moving papers in the hands of an employee at the prison, for mailing to California. From this, the court deduced that appellant is not "[a] person who is no longer in criminal custody." (§ 1473.7, subd. (a).)

The statute and case law do not support the trial court's interpretation. The question is not whether the moving party is in custody *somewhere* for a crime *unrelated to the conviction* that is the subject of the section 1473.7 motion. Appellant is no longer in state custody for the crime that is the subject of his motion. Instead, he is in federal custody, for an unknown reason.

"[T]he Legislature intended [section 1473.7, subdivision (a)] to mean a person may file a motion to vacate a conviction provided the person is no longer in criminal custody *for that particular conviction*, and nothing more." (*People v. Rodriguez*

_____

[2] Respondent does not concede that appellant's motion is meritorious and lists hurdles he must surmount.

(2021) 68 Cal.App.5th 301, 314.)  "[T]o interpret the statute otherwise, as allowing those for whom a conviction is invalid to challenge it only if they are not in custody for an unrelated offense, would thwart the Legislature's purpose of providing a means for a person who cannot seek habeas corpus to challenge a conviction on an offense that had adverse immigration consequences," after the sentence expires.  (*Ibid.*)  The court's conclusion that appellant is disqualified from relief owing to his federal incarceration is legal error.  (*Id.* at p. 315.)

We reverse and remand the case for a hearing pursuant to section 1473.7, subdivision (d).  On remand, the court should appoint counsel if appellant is indigent and sets forth a prima facie case for relief.  (*People v. Fryhaat, supra,* 35 Cal.App.5th at pp. 978, 983–984.)

The court should consider, among other things, whether appellant's motion is timely (§ 1473.7, subd. (b)); evidence showing if the consequences were explained to him and appellant understood his plea (*People v. Villalba* (2023) 89 Cal.App.5th 659, 671–672); objective evidence demonstrating a reasonable probability he would have obtained a more favorable outcome if he rejected the plea (*People v. Espinoza* (2023) 14 Cal.5th 311, 320–321; *People v. Lopez* (2022) 83 Cal.App.5th 698, 714–715); and any evidence showing the prosecutor "was willing to agree to an immigration safe disposition."  (*People v. Perez, supra,* 19 Cal.App.5th at pp. 829–830.)  Appellant has the burden of proving ineffective assistance of counsel "based on facts, not speculation" (*id*. at pp. 830–831) after giving counsel "timely advance notice."  (§ 1473.7, subd. (g).)

6

## DISPOSITION

The trial court's denial of appellant's Penal Code section 1473.7 motion is reversed and the matter is remanded for further proceedings.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.