Filed 8/1/25  P. v. Lawrie CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MATTHEW ALAN LAWRIE, Defendant and Appellant. | D084411 (Super. Ct. No. SCN160404) |


APPEAL from an order of the Superior Court of San Diego County, Bradley A. Weinreb, Judge.  Affirmed.

Matthew Alan Lawrie, in pro. per.; Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Matthew Alan Lawrie appeals from an order denying his petition to vacate his 2006 first degree murder conviction under Penal Code section 1473.7.  His appointed appellate counsel filed an opening brief stating he has been unable to identify any arguable issues for reversal on appeal. (*People v. Delgadillo* (2022) 14 Cal.5th 216.)  After we issued a *Delgadillo* order notifying Lawrie of his right to file a supplemental brief, he did so.  We

have reviewed the issues raised in Lawrie's supplemental brief and have independently reviewed the record.  (*Id*. at p. 232.)  We find no reasonably arguable appellate issues and affirm.

## I.

In 2006, a jury convicted Lawrie of first degree murder (Pen. Code, § 187, subd.(a)) and found true an enhancement that he personally and intentionally discharged a firearm causing a person's death (§ 12022.53(d)). In accordance with the jury's findings, Lawrie was sentenced to an indeterminate term of 50 years to life in prison.

In 2024, while serving that sentence, Lawrie moved to vacate his murder conviction under section 1473.7.  Without appointing counsel or holding a hearing, the court denied his motion, finding Lawrie "is not eligible for relief under Penal Code section 1473.7 since he is currently in criminal custody."

## II.

Lawrie's counsel filed a *Delgadillo* brief setting forth a statement of the case and facts, urging no grounds for reversal and requesting this court independently review the record for error.  To assist the court in any discretionary independent review of the record, counsel identified two issues he considered in looking to the merits of this appeal:

> (1) Whether the trial court erred in denying Lawrie's motion without appointing counsel or having a hearing.
>
> (2) Whether the failure to appoint counsel or hold a hearing was harmless.

For his part, Lawrie raises eight issues that he asserts merit review. Relevant here, he claims he is entitled to a hearing under section 1473.7 and that the court erred by not holding one.  His argument as to the propriety of

2

the trial court's denial of his order focuses on a narrow textual reading of section 1473.7, subdivision (d). In support, he offers only the plain reading of subdivision (d), without analysis as to whether he qualifies as a person eligible to make such a motion. The balance of his supplemental brief focuses on his purported factual innocence.

Section 1473.7 authorizes a trial court to vacate a conviction or sentences for people no longer imprisoned or otherwise restrained. As relevant to Lawrie's claims regarding new evidence, it provides: "A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence" when "[n]ewly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." (§ 1473.7(a).) Such motions "shall be entitled to a hearing." (*Id.*, subd. (d).) Section 1473.7 does not expressly provide for a right to appointed counsel.

Here, the trial court correctly observed that Lawrie remains incarcerated for the conviction he challenges. The statute expressly provides that a motion to vacate the conviction is predicated on the movant's status as "[a] person who is no longer in criminal custody." (§ 1473.7(a).) Indeed, "[o]nly defendants who have already completed their sentences may even seek relief under section 1473.7." (*People v. Vivar* (2021) 11 Cal.5th 510, 526.) This is, in part, because movants *out of custody* do not meet the in-custody requirement to challenge their conviction by writ of habeas corpus. (See Sen. Com. on Public Safety, Rep. on Assem. Bill No. 813 (2015—2016 Reg. Sess.) as amended June 22, 2015, pp. 4-5.)

We find support for our conclusion that Lawrie was neither entitled to counsel nor a hearing in *People v. Fryhaat* (2019) 35 Cal.App.5th 969. *Fryhaat* concluded that a moving party is entitled to appointed counsel when

3

the moving party has set forth factual allegations stating a prima facie case for entitlement to relief under the statute.  (*Id.* at pp. 980-982.)  Lawrie cannot state a prima facie case for entitlement to relief under the statute because he is still incarcerated for the conviction he challenges.  Because he is not a person entitled to relief under section 1473.7, his motion did not entitle him to a hearing or the appointment of counsel.

III.

We affirm the order denying Lawrie's section 1473.7 petition.


CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.


4