Filed 2/26/26  P. v. Sheed CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DONNY KAY SHEED,<br><br>Defendant and Appellant. | B341987<br><br>(Los Angeles County<br>Super. Ct. No. A650993) |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

We review an order denying Donny Kay Sheed's motion to vacate his conviction based on newly discovered evidence of factual innocence, pursuant to Penal Code[1] section 1473.7, subdivision (a)(2). We reverse the order because Sheed was entitled to a hearing in the trial court to consider his eligibility for relief under section 1473.7, subdivision (d).

## FACTS AND PROCEDURAL BACKGROUND

On May 3, 1989, pursuant to a plea agreement, Sheed pleaded no contest to one count of forcible oral copulation in violation of section 288a, subdivision (c) and one count of forcible rape in violation of section 261, subdivision (a)(2). Under the terms of the plea bargain, Sheed agreed to a three-year term of imprisonment, plus the low term of five years for violating the terms of his probation. On May 17, 1989, the trial court sentenced Sheed to a concurrent term of three years in prison on each of the two counts.

Over three decades later, on June 6, 2024, Sheed filed a motion pursuant to section 1473.7, subdivision (a)(2), to vacate his prior conviction based on newly discovered evidence of actual innocence, including that he was forced into a plea by his attorney, who rendered ineffective assistance.

Sheed waived his personal presence at the hearing on the motion because he was "otherwise in custody" at Salinas Valley State Prison on an unrelated matter. Sheed also requested counsel "upon a finding by the court that there is a prima facie case for relief," stating he was "indigent and . . . cannot afford to hire a lawyer."

---

[1] Undesignated statutory references are to the Penal Code.

2

In his five-page motion, plus several exhibits, Sheed argued that at the preliminary hearing, the testifying victim "didn't know who [he] was" and, in response to the victim's testimony, his attorney immediately "ask[ed] for a dismissal." The deputy district attorney then asked for a continuance of the preliminary hearing, and, in turn, defense counsel requested a court order for "forensic science services" to obtain samples from Sheed so that they would be made available for comparison to evidence from the rape kit and preparation of a confidential report for the defense, which the court granted. In his motion, Sheed did not specify whether forensic testing was actually completed or what the results were. Sheed argued that at the continued preliminary hearing, while represented by a second public defender, Sheed told the court that he was not willing to waive time, but then represented he had only recently been read the police report from his case, and then requested a continuance. The court denied the continuance. Defense counsel then stated "there is some indications that there was some lab testing to be done" and then represented that the forensic evidence "is not going to make any difference in this point; and it may not make any difference at trial. I don't know. I am not going to commit myself one way or other."

Sheed argued he was eventually forced to plead "no contest" at a subsequent hearing while represented by a third public defender. In his motion, Sheed averred that the delay in the filing of his motion was because he "wasn't able to read and didn't know what to do about this problem," but that once he learned to read in prison he filed the instant motion "with due diligence."

3

On October 17, 2024, the trial court summarily denied the petition without any parties present as follows: "This matter was placed on calendar for purported habeas corpus petition. I have the file and I do not see any petition. [¶] Actually, I take that back. There is a handwritten one-page motion to vacate a conviction of sentence as legally invalid. [¶] Okay. I think I can rule on this. [¶] [His][2] petition reads as follows—and, again, it's a motion to vacate a conviction. [He] indicates that because Assembly Bill [No.] 1259 passed, [he] believes it expands the category of persons able to seek to vacate a conviction as legally invalid, regardless of how that person was convicted or sentenced. [¶] [He] then invokes [section] 1473.7, for the proposition that those no longer in custody can seek to vacate the conviction. However, the rest of [his] one-page motion does not state any grounds for [him] to be qualified—for qualification for the relief. [¶] This petition is denied for the failure to cite to a basis for the relief. [¶] [The clerk] to give notice to [Mr. Sheed] regarding the court's denial of [his] petition." This appeal followed.

## DISCUSSION

The construction and interpretation of a statute is a question of law that we consider de novo on appeal. (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 975 (*Fryhaat*).) Section 1473.7 expressly provides that "[a] person who is no longer in criminal custody may file a motion to vacate a conviction or sentence" based on "[n]ewly discovered evidence of actual innocence . . . that requires vacation of the conviction or sentence

---

[2] The trial court mistakenly refers to Sheed as "her" and "she."

4

as a matter of law or in the interests of justice." (§ 1473.7, subd. (a)(2).) Persons who file a section 1473.7 motion are entitled to a hearing on the merits of the motion. (*Id.*, subd. (d) ["All motions shall be entitled to a hearing."].) The plain language of section 1473.7 also entitles the moving party to be personally present at the hearing. (*Ibid.*) However, "[u]pon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present." (*Ibid.*)

The plain language of section 1473.7, subdivision (d), establishes Sheed's entitlement to a hearing on the merits of his motion, at which hearing he is entitled to be personally present. Here, Sheed waived his personal presence. At a minimum the trial court erred in not making a ruling on whether good cause excused Sheed's presence at any hearing.

As to appointment of counsel on Sheed's behalf, the trial court was required to determine whether his petition stated a prima facie case for relief. If a prima facie case has been made, " ' "appointment of counsel is demanded by due process concerns." ' " (*Fryhaat*, *supra*, 35 Cal.App.5th at pp. 981, 983 [concluding section 1473.7 requires appointment of counsel where an indigent moving party has set forth factual allegations stating a prima facie case for entitlement to relief under the statute].) Here, the trial court summarily denied the petition without addressing entitlement to counsel and whether Sheed had presented a prima facie case for relief. The court reviewed only a "handwritten one-page motion" that it determined "fail[s] to cite to a basis for the relief" without reviewing the entirety of Sheed's 42-page motion.

5

Even if we assumed the People are correct in arguing that Sheed's petition does not, by itself, state a prima facie case, the People do not address why that determination—which bears on appointment of counsel—would require affirmance of a denial that should have followed, but did not follow, a properly conducted hearing on the merits.

Remand is appropriate for a hearing in compliance with section 1473.7.  The trial court shall determine whether Sheed still desires to waive his appearance, whether good cause exists for such a waiver, and whether Sheed has set forth factual allegations stating a prima facie case under section 1473.7 and entitlement to appointment of counsel.  If Sheed has met his burden, the trial court must appoint Sheed counsel and address the merits of his motion.

## DISPOSITION

The order is reversed and the matter is remanded with instructions to the trial court to conduct a hearing in compliance with section 1473.7.  It shall consider whether good cause exists for Sheed to waive his presence, evaluate whether Sheed has alleged a prima facie case for relief, and determine whether to appoint counsel based on a review of Sheed's entire 42-page motion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


WILEY, J.                        SCHERB, J.

6